9 F.3d 800
 62 USLW 2317, 39 Cont.Cas.Fed. (CCH) P 76,595
 In re LIBERTY CONSTRUCTION.
CONCRETE TIE OF SAN DIEGO, INC., United States, For the Use
of dba Atlas Construction Supply, Plaintiff,
v.
LIBERTY CONSTRUCTION, INC., a California corporation, et
al., Defendants.
Lucille KURTIN, et al., Third-Party-Plaintiffs-Appellants,
v.
SMALL BUSINESS ADMINISTRATION, Third-Party-Defendant-Appellee.
LIBERTY CONSTRUCTION, INC., a California corporation,
Third-Party-Plaintiff-Appellant,
v.
SMALL BUSINESS ADMINISTRATION, Third-Party-Defendant-Appellee.
 Nos. 91-56519, 91-56520.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided Nov. 12, 1993.
 
 Jeffrey N. Garland, Styn & Garland, San Diego, CA, for appellant Kurtin.
 Laura J. Colburn, San Diego, CA, for appellant Liberty Const.
 Robert H. Plaxico, Asst. U.S. Atty., San Diego, CA, for appellee Small Business Admin.
 Appeal from the United States District Court for the Southern District of California.
 Before: FARRIS, NORRIS, and REINHARDT, Circuit Judges.
 WILLIAM A. NORRIS, Circuit Judge:
 Liberty Construction, a minority owned business, entered into a contract with the Small Business Administration to build a warehouse for the Navy. After being sued by subcontractors under the Miller Act, Liberty and its sureties (jointly referred to as appellants) cross-complained against the SBA for indemnification. They sought damages in excess of $500,000 on claims that the SBA breached its fiduciary, statutory, and regulatory duties by awarding Liberty the contract when it knew that Liberty was incapable of performing the contract at a profit and by failing to provide Liberty with technical and managerial assistance during construction of the warehouse.
 The district court dismissed the cross-complaints for lack of subject matter jurisdiction, rejecting appellants' arguments that the district court had jurisdiction under the Federal Tort Claims Act and the "sue and be sued" provision of the Small Business Act, 15 U.S.C. Sec. 634(b)(1).[1] Because we hold that the district court had jurisdiction over the claims against the SBA under its "sue and be sued" provision,[2] we reverse and remand for further proceedings on the merits.[3]
 In Munoz v. Small Business Admin., 644 F.2d 1361, 1364 (9th Cir.1981), we held that the SBA's "sue and be sued" provision vested jurisdiction in the district court over claims against the SBA that were similar to those asserted by appellants in this case. We stated that "in actions against the SBA for money damages in excess of $10,000, jurisdiction properly lies in the district court under 15 U.S.C. Sec. 634(b)(1)," even though the Tucker Act had vested in the Court of Claims jurisdiction over contract claims against the government. Munoz, 644 F.2d at 1364. As Judge Wallace has observed, Munoz established the principle that "jurisdiction under the Tucker Act is not exclusive where other statutes independently confer jurisdiction and waive sovereign immunity." Pacificorp v. Federal Energy Regulatory Comm'n, 795 F.2d 816, 826 (9th Cir.1986) (Wallace, J., concurring).[4]
 The government argues that Munoz is no longer good law because it was implicitly overruled by the Contract Disputes Act (CDA), 41 U.S.C. Sec. 601 et seq.,[5] which Congress enacted to standardize the previously uncoordinated systems for resolving contract disputes with the government. The CDA established the Claims Court, 41 U.S.C. Sec. 609, and agency boards of contract appeals, 41 U.S.C. Secs. 606, 607, as the proper fora in which to appeal decisions of federal contracting officers. 41 U.S.C. Secs. 601(3), 605(a). In enacting the CDA, Congress amended the Tucker Act, 28 U.S.C. Sec. 1346(a)(2), to withdraw the concurrent jurisdiction over contract claims not exceeding $10,000 that the Tucker Act had originally granted to district courts.[6] The government would have us broadly interpret this amendment as withdrawing all district court jurisdiction over contract claims within the scope of the CDA, regardless of independent statutory grants of jurisdiction such as the "sue and be sued" provision of the Small Business Act.
 We disagree with the government and hold that Munoz remains the law of the Ninth Circuit after the enactment of the CDA and its amendment of the Tucker Act. In North Side Lumber Co. v. Block, 753 F.2d 1482, 1486 (9th Cir.1985), we interpreted the CDA's amendment of the Tucker Act narrowly, holding that it withdrew district court jurisdiction under the Tucker Act over contract claims for damages not exceeding $10,000, but otherwise left existing jurisdiction intact. See also id. at 1487 (Boochever, J., dissenting) (agreeing with the majority on this point). We reject the government's argument that Munoz has been implicitly overruled[7] and agree with the Second Circuit that claims against the United States may be entertained by the district courts, regardless of the amount sought, so long as there exists a basis for jurisdiction independent of the Tucker Act.[8] See C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co., 903 F.2d 114, 119 (2d Cir.1990). Accordingly we hold, on the authority of Munoz and North Side Lumber, that the district court has subject matter jurisdiction over appellants' claims against the SBA.
 REVERSED and REMANDED.
 
 
 
 [1]
 Section 634(b)(1) provides that the Administrator of the SBA may "sue and be sued ... in any United States District Court, and jurisdiction is conferred upon such District Court to determine controversies without regard to the amount involved in the controversy."
 
 
 [2]
 We review the question of subject matter jurisdiction de novo. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989)
 
 
 [3]
 Because we decide that the district court had subject matter jurisdiction under Sec. 634(b)(1), we need not determine whether the district court also had jurisdiction under the Federal Tort Claims Act
 
 
 [4]
 Cf. Bowen v. Massachusetts, 487 U.S. 879, 910 n. 48, 108 S.Ct. 2722, 2740 n. 48, 101 L.Ed.2d 749 (1988), where the United States Supreme Court said:
 It is often assumed that the Claims Court has exclusive jurisdiction of Tucker Act claims for more than $10,000. [Parenthetical omitted] That assumption is not based on any language in the Tucker Act granting such exclusive jurisdiction to the Claims Court. Rather, that court's jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.
 
 
 [5]
 In Munoz, we did not consider the CDA because the contract at issue there was entered into, and the action against the SBA filed, before 1978 when the CDA was enacted
 
 
 [6]
 The proviso added to Sec. 1346(a)(2) reads:
 [T]he district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States ... in cases not sounding in tort which are subject to ... the Contract Disputes Act of 1978.
 
 
 [7]
 We note that in the decade and a half that has passed since the enactment of the CDA and amendment to the Tucker Act, federal courts have cited Munoz for the broad proposition that contract claims against the government may be brought under statutes that independently confer jurisdiction on the district courts even if the claims fall within the scope of the Tucker Act. See, e.g., Pacificorp, 795 F.2d at 826 (Wallace, J., concurring); Broughton Lumber Co. v. Yeutter, 939 F.2d 1547, 1551 & n. 2 (Fed.Cir.1991); Spectrum Leasing Corp. v. United States, 764 F.2d 891, 895 & n. 8 (D.C.Cir.1985); Van Drasek v. Lehman, 762 F.2d 1065, 1070-71 & n. 10 (D.C.Cir.1985). But see Consumers Solar Elec. Power Corp. v. United States, 530 F.Supp. 702, 705-06 & n. 3 (C.D.Cal.1982) (holding that the CDA "pre-empts whatever jurisdiction may previously have existed under" a provision which conferred district court jurisdiction over "all actions" brought against the Postal Service, and that jurisdiction over contract claims against the Postal Service properly lies with the Court of Claims)
 
 
 [8]
 We acknowledge that Munoz has often been cited for the specific proposition that Sec. 634(b)(1) provides federal subject matter jurisdiction over contract actions against the SBA for money damages in excess of $10,000, perhaps leaving the implication that Munoz limited district court jurisdiction only to claims against the SBA that exceeded $10,000. See, e.g., Far West Fed. v. Office of Thrift Supervision, 930 F.2d 883, 889 (Fed.Cir.1991); General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 706 (7th Cir.1991); A & S Council Oil Co. v. Saiki, 799 F.Supp. 1221, 1227 & n. 5 (D.D.C.1992)
 The $10,000 figure was used in Munoz because Munoz was decided based on the law as it existed before the enactment of the 1978 amendment to the Tucker Act. Prior to 1978, Sec. 1346(a)(2) provided district courts with original jurisdiction over all contract claims against the United States not exceeding $10,000 (including claims now considered to be based on the CDA since the CDA had not yet been enacted). Consequently, jurisdiction under Sec. 634(b)(1) for contract claims not exceeding $10,000 was superfluous. It was therefore not necessary for the Munoz court to address the issue of whether district courts could exercise jurisdiction over claims not exceeding $10,000.
 Section 634(b)(1) specifically provides that "[T]he Administrator may sue and be sued ... in any United States district court to determine such controversies without regard to the amount in controversy...." 15 U.S.C. Sec. 634(b)(1) (emphasis added). This language makes clear that in exercising jurisdiction under Sec. 634(b)(1), district courts are not limited to claims that exceed $10,000. The holding in Munoz is not to the contrary.