**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IRENE TRITZ, an individual,
*Plaintiff-Appellant*,

v.

UNITED STATES POSTAL SERVICE;
THE CALIFORNIA FRANCHISE TAX
BOARD; INTERNAL REVENUE
SERVICE,
*Defendants-Appellees*.

No. 10-56967

D.C. No.
8:10-cv-00182-
DOC-RNB

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
April 17, 2013—San Francisco, California

Filed July 9, 2013

Before: Mary M. Schroeder, Sidney R. Thomas,
and Barry G. Silverman, Circuit Judges.

Opinion by Judge Thomas

## SUMMARY*

### Tucker Act

The panel affirmed on alternative grounds the district court's dismissal of an action brought by a former Postal Service employee against the United States Postal Service.

The panel reversed the district court's determination that it lacked subject matter jurisdiction to hear the employee's breach of contract claim. The panel held that the Tucker Act's grant of jurisdiction to the Court of Federal Claims to hear contract claims against the Postal Service seeking more than $10,000 in damages is concurrent with the independent grant of jurisdiction to the United States district courts under the Postal Reorganization Act. The panel affirmed the dismissal of the contract claim on the separate ground that the employee failed to state a claim that would entitle her to relief. The panel also held that the district court properly dismissed the employee's claims of retaliation and hostile work environment as barred by res judicata. The panel held that the district court erred in holding that the employee's discrimination claim was barred by a 2006 Settlement Agreement, but affirmed the dismissal of the claim on the separate ground that the employee failed to state a claim. Finally, the panel affirmed the district court's dismissal of the employee's derivative claims against the Internal Revenue Service and the California Franchise Tax Board.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Willie Jordan-Curtis, Associate Clinical Professor of Law, Andrew B. Compton, Matthew J. Palmer, David C. Potts (argued), Michael R. Shumway, Law Students, University of Arizona Pro Bono Appellate Project, Tucson, Arizona, for Plaintiff-Appellant.

André Birotte, Jr., United States Attorney, Leon W. Weidman, Chief, Civil Division, Russell W. Chittenden (argued), Assistant United States Attorney, Los Angeles, California, for Defendants-Appellees United States Postal Service and Internal Revenue Service.

Kamala D. Harris, Attorney General, W. Dean Freeman, Supervising Deputy Attorney General, Marla K. Markman (argued), Deputy Attorney General, Los Angeles, California, for Defendant-Appellee California Franchise Tax Board.

## OPINION

THOMAS, Circuit Judge:

In this appeal, we consider whether the Tucker Act grants exclusive jurisdiction to the Court of Federal Claims to hear contract claims against the United States Postal Service ("Postal Service") seeking more than $10,000 in damages. We conclude that the Tucker Act's grant of jurisdiction to the Court of Federal Claims to hear such claims is concurrent with the independent grant of jurisdiction to the United States district courts under the Postal Reorganization Act ("PRA"), 39 U.S.C. §§ 401 and 409. We affirm the district court's dismissal of the action on alternative grounds.

# I

According to her complaint,[1] Irene Tritz was an employee of the Postal Service for over thirty-three years. During that time, she filed several complaints for gender discrimination, age discrimination, disability discrimination, retaliation, and a hostile work environment. Following a bench trial in 1991, a district court judge held that the Postal Service had discriminated against Tritz on account of her sex. Before the court ruled on damages, Tritz and the Postal Service entered into a settlement agreement ("1991 Settlement Agreement").

In 2005, Tritz brought a pro se complaint against the Postal Service alleging a hostile work environment. Although a jury found in her favor and awarded her $275,000, Tritz again entered into a settlement agreement with the Postal Service ("2006 Settlement Agreement"). Under the terms of the settlement, the Postal Service agreed to provide Tritz with a letter of recommendation and to pay her $225,000 as compensation for her claimed emotional injury. In exchange, Tritz agreed to release all of her claims—known and unknown, pending or otherwise—against the Postal Service and its employees. In February 2006, the parties signed the settlement agreement and the district court judge accordingly dismissed Tritz's action.

In 2010, Tritz brought her present complaint pro se. She claims that the Postal Service breached the 1991 and 2006

---

[1] On a motion to dismiss, we generally accept the allegations in the complaint as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). However, we need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint. *Id.* at 1295–96.

Settlement Agreements, and that the 2006 Settlement Agreement is voidable because her assent was the result of undue influence and fraudulent misrepresentation. She also brings claims for intentional infliction of emotional distress, conspiracy, discrimination, retaliation, and a hostile work environment. For relief, Tritz requests, among other things, that the 2006 Settlement Agreement be voided; that she be awarded trial costs of $14,723.25; that taxes and penalties be waived; and that she receive her original jury award of $275,000 (i.e., that she be paid $50,000 in addition to her settlement award).

The district court granted the federal defendants' motion to dismiss Tritz's complaint. It dismissed Tritz's breach of contract claim for lack of subject matter jurisdiction, holding that the Tucker Act, 28 U.S.C. § 1491(a)(1), grants the Court of Federal Claims exclusive jurisdiction to hear breach of contract claims against the Postal Service that put more than $10,000 in controversy. It dismissed seven of Tritz's claims for lack of subject matter jurisdiction because it held that Tritz had not complied with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). Finally, the district court held that Tritz's remaining three claims were barred by res judicata.

We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Whisnant v. United States*, 400 F.3d 1177, 1180 (9th Cir. 2005). We also review de novo the district court's dismissal regarding res judicata. *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). We may affirm the district court's dismissal on any grounds supported by the record. *Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th Cir. 2000).

## II

The United States, as sovereign, is immune from suit in state or federal court except to the extent that Congress has expressly waived such sovereign immunity. *United States v. Mitchell* (*Mitchell I*), 445 U.S. 535, 538 (1980). "[T]he terms of [Congress's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* The Tucker Act provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).[2] The Supreme Court has long recognized that this provision of the Tucker Act effects a waiver of sovereign immunity and grants jurisdiction to the Court of Federal Claims with regard to contract claims against the United States. *United States v. Mitchell* (*Mitchell II*), 463 U.S. 206, 215 (1983).

Contrary to the Postal Service's argument, nothing in the language of the Tucker Act makes its grant of jurisdiction to

---

[2] We assume, without deciding, that a claim against the Postal Service is a claim against the United States for the purposes of the Tucker Act. There is support in the precedents of our sister circuits for Tritz's argument that the Tucker Act is inapplicable because the Postal Service is an entity separate from the United States. *See Licata v. U.S. Postal Serv.*, 33 F.3d 259, 263 (3d Cir. 1994); *Cont'l Cablevision of St. Paul, Inc. v. U.S. Postal Serv.*, 945 F.2d 1434, 1440 (8th Cir. 1991); *White v. Bloomberg*, 501 F.2d 1379, 1384 n.6 (4th Cir. 1974). In a separate context, we have also characterized the Postal Service as standing apart from the United States, *Currier v. Potter*, 379 F.3d 716, 724–25 (9th Cir. 2004), but we have never decided that the Tucker Act is wholly inapplicable to claims against the Postal Service. We decline to do so now because even if the Tucker Act applies, the district court had concurrent subject matter jurisdiction to hear Tritz's breach of contract claim.

the Court of Federal Claims exclusive for *all* contract claims over $10,000.  It is true that we have read the Tucker Act and the "Littler Tucker Act"[3] together to "provide for jurisdiction *solely* in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less." *McGuire v. United States*, 550 F.3d 903, 910–11 (9th Cir. 2008) (emphasis added).  However, the Supreme Court has explained that this reading is not correct in all instances:

> It is often assumed that the Claims Court has exclusive jurisdiction of Tucker Act claims for more than $10,000.  (Title 28 U.S.C. § 1346(a)(2) expressly authorizes concurrent jurisdiction in the district courts and the Claims Court for claims under $10,000.)  That assumption is not based on any language in the Tucker Act granting such exclusive jurisdiction to the Claims Court.  *Rather, that court's jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.*

*Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988) (emphasis added).

---

[3] The Little Tucker Act expressly provides that district courts shall have concurrent jurisdiction with the Court of Federal Claims over all claims against the United States for less than $10,000.  28 U.S.C. § 1346(a)(2). The Little Tucker Act is so named because it modifies the main Tucker Act, not because its congressional sponsor was a representative with the name Tucker and a smaller stature than John Randolph Tucker.

In other words, the Tucker Act and Little Tucker Act create a presumption of exclusive jurisdiction in the Court of Federal Claims, but that presumption can be overcome by an independent statutory grant of jurisdiction to another court.

In another context, we interpreted the Tucker Act consistently with *Bowen* and found that the presumption of exclusive jurisdiction was overcome. In *In re Liberty Construction*, we explained that "claims against the United States may be entertained by the district courts, regardless of the amount sought, so long as there exists a basis for jurisdiction independent of the Tucker Act." *Concrete Tie, Inc. v. Liberty Constr., Inc.* (*In re Liberty Constr., Inc.*), 9 F.3d 800, 801–02 (9th Cir. 1993) (footnote omitted). Then, after noting that the Small Business Act's "sue and be sued" provision, 15 U.S.C. § 634(b)(1), independently vested jurisdiction in the district courts over claims against the Small Business Administration, we upheld the district court's jurisdiction to hear an action against the Small Business Administration despite the Tucker Act's grant of jurisdiction to the Court of Federal Claims. *Id.* at 802.

The PRA provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). The plain language of this provision grants district courts jurisdiction over contract actions against the Postal Service. *Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 995 (9th Cir. 2002), *reversed on other grounds*, 540 U.S. 736 (2004), *on remand*, 366 F.3d 789; *Wright v. U.S. Postal Serv.*, 29 F.3d 1426, 1430 (9th Cir. 1994). We have previously concluded that "[t]here is . . . no basis for differentiating between the [Small Business Act and the PRA]" with regard to their respective sovereign immunity

waivers and jurisdictional grants. *Wright*, 29 F.3d at 1430. Therefore, we now hold that, like the Small Business Act in *Liberty Construction*, the PRA independently grants district courts jurisdiction, concurrent with the Court of Federal Claims, to hear claims against the Postal Service for more than $10,000. *See Liberty Constr.*, 9 F.3d at 802; *see also Bowen*, 487 U.S. at 910 n.48.

The Federal Circuit has also interpreted the PRA and the Tucker Act to authorize district courts to hear contract claims against the Postal Service regardless of the amount in controversy. *Benderson Development Co., Inc. v. U.S. Postal Serv.*, 998 F.2d 959, 963 (Fed. Cir. 1993). In *Benderson*, the Federal Circuit considered whether the district court had jurisdiction to hear the contract claim of a landowner against the Postal Service for $500,000. *Id.* at 961. Because the landowner characterized his complaint as stating a breach of contract claim and the Postal Service characterized it as stating a takings claim, the Federal Circuit remanded to the district court to determine the true nature of the complaint. *Id.* The Federal Circuit concluded that if the landowner's complaint stated a takings claim, then the Court of Federal Claims should hear it. *Id.* But if the landowner's complaint stated a contract claim, then the dispute was "to be resolved by the district court in the exercise of its every-day jurisdiction over contract matters affecting the Postal Service" under 39 U.S.C. §§ 401(1) and 409(a). *Id.* at 963.

The D.C. Circuit's decision in *Shaffer v. Veneman*, 325 F.3d 370 (D.C. Cir. 2003), is not to the contrary. In that case, the district court concluded that the Court of Federal Claims had exclusive jurisdiction to hear a farmer's complaint against the U.S. Department of Agriculture ("USDA") alleging breach of a settlement agreement. *Id.* at

371. The D.C. Circuit agreed with the district court that the Court of Federal Claims had jurisdiction under the Tucker Act, but it also acknowledged that just because "the Court of Federal Claims has jurisdiction does not necessarily mean . . . that its jurisdiction is exclusive." *Id.* at 372. The court then went on to consider, and reject, the farmer's argument that the Equal Credit Opportunity Act and the Administrative Procedure Act provided independent bases for subject matter jurisdiction in the district court. *Id.* at 372–73. In holding that the district court lacked subject matter jurisdiction, the D.C. Circuit did not hold that the Tucker Act's grant of jurisdiction to the Court of Federal Claims is always exclusive. Rather, it merely held that there was no other independent statutory basis for the district court's jurisdiction *in that case*. In contrast, in this case the PRA clearly confers independent subject matter jurisdiction on the district courts to hear claims against the Postal Service.

The Postal Service suggests that the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–09, bars district courts from hearing breach of contract claims against the Postal Service. For certain claims sounding in contract, the CDA "established a comprehensive framework for resolving contract disputes between executive branch agencies and government contractors." *Menominee Indian Tribe v. United States*, 614 F.3d 519, 521 (D.C. Cir. 2010). Under the CDA, parties to covered disputes may only appeal to the relevant board of contract appeals or the Court of Federal Claims; appeal to the district courts is not available. 41 U.S.C. §§ 7103–05. However, the CDA only applies to specified categories of procurement contracts. *See* 41 U.S.C. § 7102(a) (providing that the CDA applies to contracts for "(1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction,

alteration, repair, or maintenance of real property; or (4) the disposal of personal property."). Tritz's 1991 and 2006 Settlement Agreements are not procurement contracts within the meaning of the CDA, so the CDA does not apply.[4]

In sum, even assuming that the Tucker Act confers jurisdiction on the Court of Federal Claims to hear claims against the Postal Service, the PRA also vests the district courts with independent jurisdiction over such claims, so jurisdiction in the Court of Federal Claims is not exclusive. *Bowen*, 487 U.S. at 910 n.48; *Wright*, 29 F.3d at 1430; *Liberty Constr.*, 9 F.3d at 801–02. Accordingly, we reverse the district court's determination that it lacked subject matter jurisdiction to hear Tritz's breach of contract claim.

## III

## A

Although the district court erroneously dismissed Tritz's breach of contract claim on jurisdictional grounds, we affirm its dismissal of the contract claim on the separate ground that she fails to state a claim that would entitle her to relief. Construed liberally, Tritz's pro se complaint alleges three claims for breach of contract, *see Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996) (explaining that pro se complaints are liberally construed), but each one fails.

First, Tritz alleges that the Postal Service breached its promise in the 2006 Settlement Agreement to classify her settlement award as tax-free. However, nothing in the 2006

---

[4] In any event, we made clear in *Wright* that the CDA does not override independent grants of jurisdiction to the district courts. 29 F.3d at 1431.

Settlement Agreement—which she attached to her complaint—mentions tax consequences. Tritz also alleges that the assistant U.S. attorney negotiating on behalf of the Postal Service and the district court judge presiding over the settlement assured her that her settlement money would not be taxable. This, too, is contradicted by an attachment to her complaint—the transcript of the settlement hearing:

> The Court:    Now, I've had conversations privately with . . . Mrs. Tritz . . . with respect to the tax consequences, and Mrs. Tritz understands that there are no—there is no guarantees, there are no representations with respect to the tax consequences of that $225,000. That's going to be something that is between Mrs. Tritz, the IRS, and her tax preparer.
>
> Is that acceptable, Mrs. Tritz?
>
> Ms. Tritz:    Yes, it is, Your Honor.

More importantly, the 2006 Settlement Agreement included a plain integration clause whereby "the parties agree[d] that any other prior or contemporaneous representations or understandings not explicitly contained in this written Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect."

Second, Tritz alleges that the Postal Service breached the 1991 Settlement Agreement by failing to pay her according to a grade two levels higher than her job assignment. However, nothing in the 1991 Settlement Agreement—which was also attached to Tritz's complaint—concerns adjustments to her pay level following the settlement.

Finally, Tritz asserts that the Postal Service breached a condition in the 2006 Settlement Agreement that third parties can use information relating to her case for their own purposes.  Again, this claim is contradicted by the attachments to her complaint.  Nothing in the 2006 Settlement Agreement provides for the use of her case or related information by third parties.  Indeed, the agreement specifically provides that "this Settlement Agreement will not be regarded as a precedent."

Because the documents attached to Tritz's complaint defeat her breach of contract allegations, Tritz cannot state a claim that would entitle her to relief.  Fed. R. Civ. P. 12(b)(6); *see also Aguayo v. U.S. Bank*, 653 F.3d 912, 917 (9th Cir. 2011) (explaining that "[a] complaint must not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief"); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psych.*, 228 F.3d 1043, 1049 (9th Cir. 2000) ("In determining whether plaintiffs can prove facts in support of their claim that would entitle them to relief, we may consider facts contained in documents attached to the complaint.").

## B

## 1

The district court properly dismissed Tritz's claims of "Fraud/Misrepresentation," "Conspiracy," and "Intentional Infliction of Emotional Distress" for failure to comply with the FTCA's administrative exhaustion requirement. The FTCA effects a limited waiver of sovereign immunity to allow certain common law tort claims to proceed against the United States. *Smith v. United States*, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. § 1346(b)(1)). However, federal district courts have jurisdiction to hear a plaintiff's tort claim under the FTCA only after the plaintiff has exhausted the claim by submitting it to the appropriate federal agency first.[5] *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 2675(a)). A district court may dismiss a pro se complaint for failure to allege compliance with the FTCA's administrative exhaustion requirement if it clearly appears that the deficiency cannot be overcome by amendment. *Gillepsie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

Tritz has not alleged compliance with the FTCA's administrative exhaustion requirement. According to the declaration of the Tort Claims Coordinator for Tritz's Postal Service district, Tritz has not submitted any of her tort claims to the Postal Service. Decl. of Catharine Cox ¶4, Dfdt. Mot.

---

[5] The FTCA applies to tort claims against the Postal Service. 39 U.S.C. § 409(c).

Dismiss.[6]   Therefore, the district court properly dismissed these tort claims for failure to comply with the FTCA's administrative exhaustion requirement.  *Gillepsie*, 629 F.2d at 640.

## 2

Conversely, the district court erred in applying the FTCA to dismiss Tritz's claims that the 2006 Settlement Agreement is voidable because of undue influence and interference by the court and that the agreement is unlawful because it violates the rights of others.  The FTCA does not apply to common law contract claims.  *See Winchell v. U.S. Dep't of Agric.*, 961 F.2d 1442, 1444 (9th Cir. 1992).  Tritz alleges that the 2006 Settlement Agreement is voidable under the principles of California contract law because of undue influence and interference by the court.  Similarly, Tritz alleges that the settlement agreement is unlawful under the principles of California contract law because it violates the rights of others.  For these three claims, Tritz seeks rescission of the contract rather than a tort remedy.  Thus, these are contract claims to which the FTCA does not apply.  *Id.*

Nevertheless, we affirm the district court's dismissal of these claims on the separate ground that Tritz fails to state a claim that would entitle her to relief.  Tritz does not allege that any named defendant unduly influenced her into entering the settlement agreement.  Rather, she alleges that she was

---

[6] Because the Postal Service asserted a "factual," rather than a "facial," attack on the district court's subject matter jurisdiction, it is proper to consider the Cox declaration, which the Postal Service submitted with its motion to dismiss.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 (9th Cir. 2003).

unduly influenced by the presiding district court judge, who is not a named defendant and could assert judicial immunity even if he was. The same is true with respect to her claim of interference by the court. Therefore, Tritz cannot prove any set of facts that would entitle her to relief from a named defendant on these claims.

Tritz's claim that the contract is unlawful because it violates the rights of other individuals also fails. Nothing in the 2006 Settlement Agreement affects the independently held rights of other individuals. Because the attached settlement agreement contradicts Tritz's claim we affirm the district court's dismissal on the separate ground that Tritz can prove no set of facts in support of her claim that would entitle her to relief. Fed. R. Civ. P. 12(b)(6); *see also Aguayo*, 653 F.3d at 917; *Nat'l Ass'n for the Advancement of Psychoanalysis*, 228 F.3d at 1049.

## C

The district court properly dismissed Tritz's claims of retaliation and hostile work environment as barred by res judicata. Res judicata applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Glickman*, 123 F.3d at 1192 (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971)). Court-approved settlement agreements, like the 2006 Settlement Agreement, have res judicata effect. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746–47 (9th Cir. 2006).

Tritz's present complaint alleges retaliation and a hostile work environment based on the same conduct that was at issue in her 2005 lawsuit against the Postal Service. Indeed,

she supports her allegations by pointing to the 2005 jury verdict. Thus, there is identity of claims, identity of parties, and a final judgment—the 2006 Settlement Agreement—to bar Tritz's claims for retaliation and hostile work environment. *Id.*

The district court erred in holding that Tritz's claim of discrimination was barred by the 2006 Settlement Agreement. In her complaint, Tritz alleges that the presiding judge, and not the Postal Service, discriminated against her. Thus, there is no identity of claims or parties between Tritz's current complaint and her 2005 lawsuit against the Postal Service. Nevertheless, because the judge is not a named defendant we affirm the district court's dismissal of this claim on the separate ground that Tritz has failed to state a claim entitling her to relief.

**D**

Because we affirm the district court's dismissal of all Tritz's claims for relief, we dismiss her derivative claims against the Internal Revenue Service and the California Franchise Tax Board seeking waiver of taxes and penalties on her settlement award.

**IV**

In sum, although the district court had subject matter jurisdiction to consider Tritz's breach of contract claim against the Postal Service, it did not err in dismissing it

because she failed to state a claim upon which relief could be granted.  None of her remaining claims are viable.  Therefore, we affirm the district court's dismissal of her complaint.

**AFFIRMED.**