**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NATALIE M. SWANSON, | No. 12-55987 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02363-IEG-NLS |
| v. |  |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted February 7, 2014
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

This lawsuit arises out of the Forest Service's destruction of stone structures

on Natalie Swanson's mining claims. The government concedes that Swanson still

owns the mining claims, can still use the mining claims, and can sell the mining

claims. Thus, this disposition only addresses the stone structures on Swanson's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

mining claims, not the claims themselves. Natalie Swanson appeals from the district court's grant of the United States' motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court was correct that Swanson was collaterally estopped from seeking a declaratory judgment that the Surface Resources Act of 1955 (30 U.S.C. § 612) did not apply to her unpatented mining claims. This exact same issue was directly addressed on the merits and rejected in her previous 2006 litigation, and Swanson never appealed that decision. Thus, issue preclusion bars her from relitigating it here. *See Offshore Sportswear, Inc. v. Vuarnet Intern., B.V.,* 114 F.3d 848, 851 (9th Cir. 1997) (issue preclusion bars plaintiff from relitigating claims where "the issue that led to dismissal was adjudicated on its merits and was conclusively determined when the time passed for appeal").

Second, the district court was correct that Swanson was not entitled to a declaratory judgment that she had a property right to use the stone structures in the area around her mining claims. An unpatented mining claim gives the claimholder the right to use the claim for mining and "uses reasonably incident thereto." *See* 30 U.S.C. § 612(a)-(b); *United States v. Backlund,* 689 F.3d 986, 991 (9th Cir. 2012). In *United States v. Shumway,* we established that a miner's residence may be incidental to mining. 199 F.3d 1093, 1106 (9th Cir. 1999). Here, however, the

Forest Service concluded that the structures at issue were not reasonably incident to Swanson's mining operation. In the ten years since that determination was made, Swanson never once challenged it in any of her lawsuits. Nor has she alleged in this case that she used the structures in a way that would be incident to her mining operation at the time the Forest Service removed the structures. Thus, since the structures were not being used for mining purposes, Swanson had no property right to use them.

Finally, the district court was correct to dismiss Swanson's claims for trespass to chattels, conversion, and negligence. First, to the extent these claims were based on Swanson's purported property right to use the structures, they fail because Swanson had no such right. Second, to the extent these claims were based on the destruction of personal property within the stone structures, the district court correctly concluded that it lacked subject matter jurisdiction to address them. Swanson's administrative Federal Torts Claim Act claim only cited her purported property right to use the structures and never mentioned any personal property; any claims related to her personal property were thus never administratively exhausted and the district court therefore lacked jurisdiction to address them. *See* 28 U.S.C. § 2675(a); *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1140 (9th Cir. 2013).

**AFFIRMED**.