**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS L. TURNEY, a married man, | No. 12-15288 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00808-SRB |
| v. | |
| HYUNDAI CONSTRUCTION EQUIPMENT USA INCORPORATED and HYUNDAI HEAVY INDUSTRIES LIMITED, | MEMORANDUM* |
| Defendants - Appellees, | |
| And | |
| JOHN LIM, an individual, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 13, 2014**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RIPPLE,[***] SILVERMAN, and GOULD, Circuit Judges.

Dennis L. Turney appeals from the district court's order dismissing a diversity action in which he asserted a state law discrimination claim under the Arizona Civil Rights Act ("ACRA") against Hyundai Construction Equipment USA, Inc. ("HCE") and its parent company, Hyundai Heavy Industries, Ltd. ("HHI"). He also appeals the district court's order dismissing his common law claim against HHI for its allegedly negligent hiring and supervision of John Lim. The district court dismissed the state discrimination claim on the ground of res judicata. We review that ruling de novo. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013). With respect to the negligence claim, the district court held that it lacked personal jurisdiction over HHI. We also review that ruling de novo. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 573 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291. We now affirm the judgment of the district court.

The district court properly dismissed Mr. Turney's ACRA claim on the ground of res judicata. Mr. Turney's previously litigated Title VII and ADEA claims involved the same parties and resulted in a final judgment on the merits.

---

[***] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

The ACRA claim arose from the same transactional nucleus of facts as these earlier claims. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987-88 (9th Cir. 2005) (upholding res judicata ruling on the basis of a shared transactional nucleus of facts); *see also Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (collecting cases employing the transactional nucleus of facts test).

The district court properly dismissed for lack of personal jurisdiction Mr. Turney's claim against HHI for negligent hiring and supervision of Mr. Lim. *See, e.g.*, *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997) (defining the limits of personal jurisdiction under Arizona law). Mr. Lim was the Executive Vice President of HHI's Construction Equipment Division as well as the President of HCE. Mr. Turney alleged that Mr. Lim exacerbated discriminatory conditions at HCE. HHI is based in Korea. HHI's limited contacts with Arizona do not "approximate physical presence"; general jurisdiction therefore is lacking. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014). Specific jurisdiction also is lacking. HHI did not target Arizona by hiring Mr. Lim to head a subsidiary corporation that was based in Illinois. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (noting that a foreign corporation subjects

itself to personal jurisdiction only when it targets the forum state). HHI's hiring of Mr. Lim was not conduct that created an intentional, substantial connection with Arizona; specific jurisdiction therefore is lacking. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121-23 (2014).

Finally, we note that the district court did not abuse its discretion in denying further discovery on the matter of personal jurisdiction. We review the denial of further discovery for an abuse of discretion. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006). Discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary," but we shall interfere in the district court's refusal to grant discovery only "upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (alteration in original) (internal quotation marks omitted). Mr. Turney has made no such showing.

**AFFIRMED.**