**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL AMALFITANO, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>GOOGLE INC.,<br><br>       Defendant - Appellee. | No. 15-15288<br><br>D.C. No. 5:14-cv-00673-BLF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted February 15, 2017[**]
San Francisco California

Before: BERZON and CLIFTON, Circuit Judges, and GARBIS, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Michael Amalfitano ("Amalfitano") appeals the district court's order dismissing without leave to amend his purported class action Complaint against Google Inc. and seeks to appeal the transfer of this action from the Eastern District of New York to the Northern District of California. With respect to dismissal, we have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the district court's dismissal under the doctrine of res judicata, *Tritz v. United States Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013), we affirm.

"The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits." *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986). "Res judicata applies when 'the earlier suit . . . (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

Amalfitano presented claims on January 8, 2013 in the Eastern District of New York under the Stored Communications Act, 18 U.S.C. §§ 2701-2712. The identical claims had been resolved fully by the settlement of a 2010 class action lawsuit, *In re Google Buzz Privacy Litigation*, No. 10-cv-00672-JW (N.D. Cal. filed Feb. 17, 2010) ("Buzz Class Action").

Amalfitano was a member of the Buzz Class Action settlement class, and his name is not on the list of class members who the Buzz Class Action court determined had timely opted out. Res judicata, therefore, applies, and Amalfitano is bound by the Buzz Class Action settlement, which was court-approved and constituted a final judgment on the merits. Amalfitano might have contested his inclusion in the settlement class by filing a motion before the Buzz Class Action court pursuant to Federal Rule of Civil Procedure 60(b), but he has not demonstrated the "grave miscarriage of justice" that would permit him to file an independent action challenging the final judgment. *See United States v. Beggerly*, 524 U.S. 38, 47 (1998).

With respect to the appeal of the transfer, Amalfitano's action was transferred to the Northern District of California under 28 U.S.C. § 1404(a). We lack jurisdiction to review the decision of the Eastern District of New York to transfer this action to the Northern District of California. *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005) ("[W]e may not review a transfer under 28 U.S.C. § 1404 by a district court outside of our circuit to a district court within our circuit.").

**AFFIRMED**.

3