**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| McKENZIE DANIELS, | No.  17-56773 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06731-JFW-PJW |
| v. | |
| MEGAN J. BRENNAN, Postmaster U.S. Postal Service, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

McKenzie Daniels appeals pro se from the district court's summary

judgment in his action alleging claims for age discrimination in violation of the

Age Discrimination in Employment Act ("ADEA") and breach of contract.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013) (subject matter jurisdiction); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004) (summary judgment). We may affirm on any ground supported by the record. *Tritz*, 721 F.3d at 1136. We affirm.

The district court properly granted summary judgment on Daniels's age discrimination claim because Daniels failed to raise a genuine dispute of material fact as to whether he was not rehired because of his age, and whether the legitimate, non-discriminatory reason for defendant's actions was pretextual. *See Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (explaining prima facie elements for age discrimination); *see also Shelley v. Geren*, 666 F.3d 599, 607, 609-10 (9th Cir. 2012) (explaining that *McDonnell Douglas* framework applies to ADEA claims on summary judgment and explaining how a plaintiff can prove pretext).

The district court incorrectly concluded that it lacked subject matter jurisdiction over Daniels's breach of contract claim. *See Tritz*, 721 F.3d at 1138-39 (explaining that district courts have jurisdiction over contract claims against the U.S. Postal Service, regardless of the amount in controversy). However, summary judgment was proper because Daniels failed to raise a genuine dispute of material fact as to whether defendant breached any settlement agreements. *See id.* at 1140

(affirming dismissal of breach of contract claims based on breach of settlement agreements on alternate ground that plaintiff's pro se complaint failed to state a claim that would entitle her to relief).  Contrary to Daniels's contention, the settlement agreements do not show that he was promised a job as a mail handler.

**AFFIRMED.**