NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LINDA MORAVEC VARGA, on behalf of herself and all others similarly situated, | No. 18-56572 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-09650-DMG-KS |
| v. | |
| WELLS FARGO BANK, N.A., a National Association; DOES, 2-10, inclusive, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| WELLS FARGO AND COMPANY, a Delaware corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 3, 2020**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,*** District Judge.

Linda Varga obtained a mortgage loan from Wells Fargo Bank, N.A. that required fixed monthly payments for ten years, after which the interest rate would become adjustable. Varga was to receive notice of any adjustments in a prescribed form that included certain title-and-telephone-number information for a point of contact at the lender. After ten years, Varga received notices from Wells Fargo adjusting her interest rate substantially downward. In 2015, two years after her rate became adjustable, Varga received a notice that her rate would increase; it would, however, still be below the level set for the first ten years of the loan.

Varga refinanced with another lender and then filed this action, alleging that Wells Fargo's rate adjustment notices omitted the title-and-telephone-number information required by the loan agreement, and asserting contract and tort claims. The district court dismissed her Second Amended Complaint for failure to state a claim.

We review de novo and may affirm on any ground supported by the record. *See Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013). We affirm.

1. The district court did not err in dismissing Varga's contract claims.

---

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

Even assuming that Wells Fargo could not adjust the mortgage rate without providing a precisely conforming notice, Varga did not plausibly allege that she had suffered damages or other injury. *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (damage to the plaintiff is an element of a breach of contract claim); *Cochran v. Cochran*, 66 Cal. Rptr. 2d 337, 342 n.6 (Ct. App. 1997) ("Actual damage as opposed to mere nominal damage is [an] essential element of a cause of action for breach of contract."); *Yari v. Producers Guild of Am., Inc.*, 73 Cal. Rptr. 3d 803, 811 (Ct. App. 2008) (holding that a breach of implied contract claim includes the same elements as a breach of contract claim). Because the notices informed her of monthly payment amounts that were substantially lower than the rates she paid under her fixed-rate mortgage, Varga was better off if the notices she received were operative than if they were invalid. Varga's conclusory assertion that she was "deprived of the contractual and consumer protections and benefits" of the notice provision is insufficient to plausibly allege any harm attributable to the noncompliant notice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Varga expressly declined to amend her complaint to allege any injury from fees she paid to refinance her mortgage. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

2. For similar reasons, the district court did not err in dismissing Varga's tort claims, which also require a plausible allegation of harm, *see Lazar v. Superior*

3

*Ct.*, 909 P.2d 981, 984-85 (Cal. 1996) (fraud); *Cadlo v. Owens-Illinois*, 23 Cal. Rptr. 3d 1, 5 (Ct. App. 2004) (negligent misrepresentation); 18 U.S.C. § 1964(c) (RICO); *In re Tobacco II Cases*, 207 P.3d 20, 31 (Cal. 2009) (California Unfair Competition Law); Cal. Penal Code § 496(c) (treble damages for injury from receipt of stolen property), or that the defendant wrongfully or under false pretenses deprived her of property, Cal. Penal Code § 518(a) (extortion); 18 U.S.C. § 1341 (mail fraud).

**AFFIRMED.**