**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JANIS GRIFFIN, Individually and as daughter of Charles W. Griffin, Deceased other,

      Plaintiff - Appellant,

  v.

LESLIE KOBATA, in his individual capacity as Hawaii state official,

      Defendant - Appellee.

No. 24-610

D.C. No.
1:22-cv-00503-LEK-RT

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Janis Griffin appeals from the district court's dismissal for lack of standing, and from an order denying reconsideration of that dismissal.[1] We have jurisdiction under 28 U.S.C. § 1291. "We review questions of standing *de novo*," *Washington v. U.S. Food & Drug Admin.*, 108 F.4th 1163, 1171–72 (9th Cir. 2024), and "denial[s] of a motion for reconsideration for abuse of discretion," *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). "We may affirm the district court's dismissal on any grounds supported by the record." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013). We affirm.

Griffin lacks standing because she has not adequately alleged that she had a legally protected interest in the Property. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). She does not have standing under *Hodel v. Irving*, 481 U.S. 704 (1987), because there, the plaintiffs "*d[id] not assert that their own property rights have been taken unconstitutionally*, but rather that their decedents' right to pass the property at death has been taken." *Id.* at 711 (emphasis added). Griffin, unlike the *Hodel* plaintiffs, may not assert standing on behalf of her decedent father, because Griffin is pro se. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

---

[1] Although Griffin's Notice of Appeal lists Charles G. Breed as an appellee, he does not appear as an appellee in Griffin's opening brief. Thus, any claims against him are forfeited. *Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).

**AFFIRMED.**