This case is before us on defendant’s motion to dismiss the petition for lack of subject matter jurisdiction. On the petition and the briefs, but without oral argument, we conclude that we have subject matter jurisdiction under well-established principles.
Plaintiff, a body created by a statute of the State of Florida, owns and operates a pipeline which transports water to and over the Florida Keys. Defendant had built it, primarily to supply water to Naval installations, but also to provide for incidental civilian needs. On June 26, 1974, defendant and plaintiff (hereinafter fkaa), entered into a contract, N62467-74-C-1803, by which defendant transferred ownership of the pipeline to fkaa which agreed thereafter to deliver water to Navy installations at a reduced price. By plaintiffs allegations, it could not investigate the condition of the pipeline, which was underground, and Navy employees represented the pipeline to be in better shape than it really was, that it would last 20 to 30 years, and that it was worth approximately $17,000,000. Plaintiff says it has requested defendant to renegotiate the figures used as the value of the pipeline to reduce the amortization credit on the prices defendant would otherwise pay for water, but defendant has refused to renegotiate. fkaa has incurred substantial repair expenses and has *912 repeatedly encountered failures, and has decided upon a "massive replacement program,” which is now in progress. Count I declares on false representations by defendant’s employees. Count II seeks a declaratory judgment recomputing the credit fkaa is to afford defendant on its water bills hitherto and henceforward. Defendant says neither count is within our jurisdiction. Count I it says sounds in tort. The exclusion of declaratory judgments from the remedies we are allowed to grant is well-known. United States v. King, 395 U.S. 1 (1969), and this bars Count II, it says.
As to Count I, defendant usually, as here, moves to dismiss counts sounding in tort as false representation and deceit counts do, but when, as here, there is privity of contract, the alleged deceit often has a contract as well as a tort aspect. When this is so, the count is not dismissed and subject matter jurisdiction exists. Fountain v. United States, 192 Ct.Cl. 495, 427 F.2d 759 (1970), cert. denied, 404 U.S. 839 (1971); Burtt v. United States, 176 Ct.Cl. 310 (1966). Plaintiff states in its brief it is proceeding on a warranty theory, and this may be an afterthought, but Count I ought not to be dismissed on motion to dismiss if a cause of action can possibly be maintained on any possible reading of the matter alleged. We have frequently allowed recovery to claimants alleging that they entered into a contract in reliance on government misrepresentations at its preaward state. E.g., Chris Berg, Inc. v. United States, 186 Ct.Cl. 389, 404 F.2d 364 (1968). Defendant may have defenses of several kinds, but the possibility of their existence does not establish that we lack subject matter jurisdiction, the only issue the motion raises.
Plaintiff explains in its brief what it means by a declaratory judgment, i.e., that we determine and declare what the amortization credit really ought to be as a preliminary to the computation and award of money damages. As regards recomputing the added payments that may be due, for water deliveries up to the date of judgment, this is surely not a declaratory judgment of the prohibited kind. The distinction is well stated in Ellis v. United States, 222 Ct.Cl. 65, 610 F.2d 760 (1979). As regards payments for water to be delivered after the date of judgment, our *913 decision, if favorable to the claimant, might influence the result by res judicata or collateral estoppel. The error, if there was one, in asking for a declaratory judgment is a pleading technicality that does not undercut our subject matter jurisdiction. This does not mean it will be inappropriate for the trial division, or its successor the Claims Court, to obtain an amended petition restating the claim in a more technically correct form.
Accordingly, defendant’s motion to dismiss is denied, and the cause is remanded to the trial division for further proceedings.