**Valerie KLINE, Appellant,**

**v.**

**Henry CISNEROS, Secretary of Housing and Urban Development, Appellee.**

**No. 94–5147.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 27, 1995.

Decided March 1, 1996.

with certain irrelevant exceptions, we have no jurisdiction to proceed further. Accordingly, we vacate the judgment and remand the case to the district court.

\*　　\*　　\*

James E. Kiley, Jr. argued the cause for appellant, with whom Benny L. Kass, Washington, DC, was on the brief.

Michael J. Ryan, Assistant United States Attorney, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney, and R. Craig Lawrence, Assistant United States Attorney, were on the brief. John D. Bates and Thomas S. Rees, Assistant United States Attorneys, Washington, DC, entered appearances.

Before: WALD, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge STEPHEN F. WILLIAMS.

STEPHEN F. WILLIAMS, Circuit Judge:

This dispute poses two jurisdictional issues, one largely and the other entirely neglected by the parties. Plaintiff sought to recover her $2,000 "earnest money" deposit on a contract to purchase a house and lot from the defendant Department of Housing and Urban Development for $65,000. She claimed that because the $67,688 figure given by HUD as the property's estimated fair market value was based on an obsolete (and high) estimate, there was a mutual mistake of fact or a misrepresentation by HUD, and she was entitled to recover her deposit. The district court held that this was not a claim under the "Little Tucker Act," which creates jurisdiction in federal district courts for any "claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). We find that it was such a claim. Once we decide that point, however, our own jurisdiction disappears. Because 28 U.S.C. § 1295(a)(2) gives the Court of Appeals for the Federal Circuit exclusive jurisdiction over appeals from district court decisions where the claim was "based in whole or in part" on § 1346,

Some time before December 1987 HUD acquired a property at 3310 Flowers Road, Upper Marlboro, Maryland through foreclosure of a HUD-insured mortgage. It followed its usual procedure of trying to dispose of the property through advertisements and a sealed bid process. HUD's assessor valued the property at $75,000, and HUD included that estimate in three ads that it ran for the property in the *Washington Times* during December 1987. The ads yielded no bids that HUD deemed high enough, and it readvertised the property in the same paper on August 12, 1988. In accordance with an apparent HUD policy of reducing its advertised estimated fair market value by 5–10% each time a property failed to sell, the new listing included an estimated fair market value of $67,688. Plaintiff Valerie Kline, a realtor located at 3203 Flowers Road, sent in an offer of $65,000, the required $2,000 deposit and a signed HUD form contract. As hers was the sole bid, and adequate, HUD accepted it. The parties agreed on closing sometime on or before October 24, 1988.

Kline sought financing for her purchase, and an appraiser for her potential mortgagee valued the property at $60,000. Dismayed that the assessment came in $5,000 below her own bid, and unable to obtain complete financing for the full amount of her offered price, Kline wrote to HUD seeking a release from the purchase contract and return of her deposit because she was "unwilling to pay more for the house than it is currently worth since purchaser was under the impression that the house was currently worth the price established by HUD." HUD responded with a letter telling Kline that her failure to close the sale by the October 24 deadline had resulted in "forfeiture" of the $2,000 deposit and "cancellation" of the contract. A little later HUD again advertised the property, again reducing the estimated fair market value by about 10% (to $61,085). HUD received

a bid of $49,000 and accepted it; that sale evidently closed without a hitch.

After an additional exchange of letters with HUD via her congressman and a meeting with HUD staff—during which HUD raised the prospect of returning half of the $2,000 deposit if Kline would furnish a letter from her potential mortgagor saying that financing had been denied or at least not available for the full $65,000—Kline filed suit seeking return of her $2,000 under the Little Tucker Act. She raised other claims as well, but as the district court dismissed them and Kline has not appealed the dismissal, we need not address them. HUD counterclaimed for its "actual damages," i.e., the difference between the $65,000 promised by Kline and the $49,000 accepted in HUD's later sale, less the $2,000 deposit it had already retained.

The district court characterized Kline's claim as one of misrepresentation, and thus, in its view, sounding in tort rather than contract. Accordingly it dismissed the claim as not cognizable under the Little Tucker Act. The court also granted summary judgment in favor of HUD on its counterclaim.

\*     \*     \*

■ Kline's pro se amended complaint tells her basic story, and accuses HUD of "fraud, gross negligence and/or recklessness," of having been "deceitful, dishonest, and unscrupulous, in dealing with plaintiff" and "the first to breach the terms of the contract." It asserts that Kline was a "victim of detrimental reliance." And it calls for return of the $2,000 deposit. While some of this language undoubtedly suggests a tort claim, we need not consider whether it had any possible existence as such. Because plaintiff alleged jurisdiction under the Little Tucker Act, the first question before the district court was whether her claim had enough potential life as a claim "founded" on

contract to support jurisdiction under that act, bearing in mind that for jurisdiction to exist a claim need by no means be a winner. See, e.g., *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105–06, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933) (jurisdiction is wanting only when the claim is "plainly unsubstantial"). The district court reasoned that Kline was asserting that she would not have entered into the contract but for the alleged false representation, so that the claim must sound in tort, not contract. But tort and contract are not mutually exclusive categories; deceit "often has a contract as well as a tort aspect," *Florida Keys Aqueduct Auth. v. United States*, 231 Ct.Cl. 911, 1982 WL 25805 (1982), and Little Tucker Act jurisdiction has commonly been found to embrace such hybrids. See, e.g., *id.; Morris v. United States*, 33 Fed.Cl. 733, 742 (1995).

■ So, regardless of whether Kline set forth facts possibly supporting a tort claim, the issue is whether a claim to return of a cash deposit, given by plaintiff pursuant to a contract that the plaintiff says she entered on the basis of a mistake of fact or misrepresentation, is "founded upon" that contract for the purposes of Little Tucker Act jurisdiction. We find that it is. The U.S. Court of Claims, predecessor of the modern Court of Federal Claims and Court of Appeals for the Federal Circuit,[1] found contract jurisdiction where the plaintiff alleged that pre-contractual misrepresentations induced it to enter into contracts on otherwise unacceptable terms. Thus, in *Florida Keys*, the U.S. Court of Claims found contract jurisdiction where plaintiff claimed that a government agency as seller had misrepresented the condition of the pipeline to be sold and sought, in effect, a reformation of the contract terms, specifically the price.[2] And in *Gregory Lumber Co. v. United States*, 9 Cl.Ct. 503, 526 (1986), the court found Tucker Act jurisdiction where the plaintiff alleged misrepresen-

---

**1.** The Court of Claims comprised both a trial and an appellate court. The former became the Claims Court and the latter's jurisdiction was assigned to the Court of Appeals for the Federal Circuit. See Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (1982). The Claims Court later became the Court of Federal Claims. See Federal Courts Administra-

tion Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992).

**2.** Although the court did not specify the Tucker Act as the basis of its jurisdiction, it relied on *Fountain v. United States*, 427 F.2d 759, 192 Ct.Cl. 495 (1970), a case explicitly under the Tucker Act.

tation in the inducement and sought price adjustments to its contract. Likewise, in *Summit Timber Co. v. United States,* 677 F.2d 852, 856, 230 Ct.Cl. 434 (1982), where the plaintiff sought damages for losses arising from misrepresentations in inducement to enter the contract, the court, without addressing jurisdiction explicitly, rejected as "sheer sophistry" the government's defense that there was no contract claim because the misstatements occurred "at a time when 'there was no contract in existence to be breached.'" See also *Morris v. United States,* 33 Fed.Cl. at 742 (finding Tucker Act jurisdiction where plaintiff asserted that government misrepresentations made contract voidable and sought damages and rescission); *Morrison–Knudsen Co. v. United States,* 345 F.2d 535, 170 Ct.Cl. 712 (1965) (without discussion of jurisdiction, court awards damages for costs arising out of government's pre-contract misrepresentations about absence of permafrost in area to be drilled); *Bonnett Enterprises, Inc. v. United States,* 889 F.Supp. 208 (W.D.Penn.1995) (finding Tucker Act jurisdiction where plaintiff sought, as restitution, return of purchase deposit for land advertised as property of the government but apparently belonging to another); *A & S Council Oil Co. v. Lader,* 56 F.3d 234, 240–41 (D.C.Cir.1995) (finding that case fell under jurisdictional provisions of the Contract Disputes Act, 41 U.S.C. §§ 601–13, governing claims "relating to a contract," where the plaintiff alleged pre-contract statutory violations allegedly bringing about formation of invalid contract); cf. *Megapulse, Inc. v. Lewis,* 672 F.2d 959 (D.C.Cir.1982) (finding Tucker Act inapplicable where plaintiff sought injunction against government disclosures in alleged violation of Trade Secrets Act, 18 U.S.C. § 1905 (1994), where agency had acquired the information pursuant to a contract but plaintiff did not invoke the contract).

Thus, the courts with special responsibility for Tucker Act claims clearly have not read the phrase "founded ... upon ... contract" as limited to situations where plaintiff seeks to enforce an indisputably valid contract. Rather, they have seen it as embracing situations where something looking like a contract came into existence, but the plaintiff asserts that pre-contract behavior by the government necessitates some adjustment of contract terms, including damages, reformation, or, as appears to be the case here, rescission or restitution.[3] In all such cases the plaintiff would not be in court but for the existence of the contract, however shaky the contract itself may be. While we owe no formal deference to the decisions of the courts specially handling Tucker Act claims, the nature of their jurisdiction has given them relatively frequent opportunity to pass on the matter, and the resulting decisions are in harmony with our own and other courts' more limited precedents.

█ With this finding of district court jurisdiction under the Little Tucker Act, our review must cease. 28 U.S.C. § 1295(a)(2) assigns to the Federal Circuit exclusive jurisdiction over an appeal from any district court decision where the district court's jurisdiction was founded "in whole or in part" on the Little Tucker Act:

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

.  .  .  .  .

(2) of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title [with certain exclusions irrelevant to this case]....

28 U.S.C. § 1295(a).

Because Kline's claim fell under the Little Tucker Act, so did HUD's counterclaim:

(c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States

---

**3.** Misrepresentation in the inducement or mutual mistake can make the resulting contract voidable, not void. E. Allan Farnsworth, *Contracts,* §§ 4.15, 9.3 (2d ed. 1990). We therefore do not reach the issue of whether a contract that is void *ab initio,* as compared to merely voidable, can provide the basis for the Tucker Act's "founded upon" contract jurisdiction.

against any plaintiff commencing an action under this section.

*Id.* § 1346(c). Since both parties' claims fell under § 1346 in the district court, any further appellate review rests with the Federal Circuit.[4]

As we have no further jurisdiction, the remaining question is how we should dispose of the case. The most obvious possibility is to remand to the district court, which has not yet addressed the merits of Kline's contract claim. A possible alternative might be to transfer the case to the Court of Appeals for the Federal Circuit under 28 U.S.C. § 1631,[5] for that court might well be able to resolve all outstanding issues as a matter of law. But to judge transfer to the Federal Circuit as preferable we would presumably have to make some estimate of likely judicial economy, and thus involve ourselves, at least tangentially, in the merits of this appeal—over which we have no jurisdiction. Accordingly, we adopt the more straightforward course of vacating the district court judgment and remanding the case to the district court.

*So ordered.*

---

**4.** Kline might have been able to establish the district court's jurisdiction independent of § 1346 through the National Housing Act itself. 12 U.S.C. § 1702 provides that the secretary of HUD shall be authorized, in his official capacity, "to sue and be sued in any court of competent jurisdiction, State or Federal" when carrying out provisions of the Act, including 12 U.S.C. § 1710(g), which authorizes auctions of HUD-owned foreclosed properties. We need not address whether this creates an independent basis of jurisdiction, see *Trans–Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370, 376 (D.C.Cir. 1976), for plaintiff invoked 28 U.S.C.

§ 1346(a)(2), and, as shown in the text, appellate jurisdiction lies in the Federal Circuit so long as jurisdiction of the district court "was based, in whole or in part, on section 1346."

**5.** 28 U.S.C. § 1631 states:

Whenever ... an appeal ... is noticed for or filed with ... a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such ... appeal to any other such court in which the ... appeal could have been brought at the time it was filed or noticed.