124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steven K. LUKER, Plaintiff-Appellant,
v.
Andrew CUOMO, Secretary of Housing and Urban Development,
Defendant-Appellee.
 No. 96-2890.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 13, 1997.[1]
Decided Aug. 25, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied April 13, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois.
 Before RIPPLE, ROVNER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Steven Luker, proceeding pro se, sued the Secretary of the Department of Housing and Urban Development (HUD) over his purchase of a fire-damaged house from HUD. At the time of the purchase the City of Decatur, Illinois, had a demolition lien against the house, having deemed it unsuitable for human habitation. Theorizing that HUD had an obligation to inform him of the lien, Mr. Luker sued the Secretary in tort and for breach of contract. A magistrate judge found that the court lacked jurisdiction to hear the claims that sounded in tort and that HUD did not breach its contract with Mr. Luker. The district court adopted the magistrate's report and recommendation and granted summary judgment to the Secretary. For the reasons that follow, we affirm.
 
 
 2
 The Culver House is (actually "was" might be more accurate) a mansion of historic significance in Decatur. Its absentee owners converted the residence into apartments. In 1979 fire destroyed the third floor of the building. The owners obtained a rehabilitation loan from HUD under § 312 of the Housing Act of 1964 (42 U.S.C. § 1452b), but defaulted. The building was boarded up and its condition seriously deteriorated. In 1988 the City deemed the building unfit for human habitation, and in 1991 it began proceedings to have the property demolished. In 1992 costs of renovation were estimated at over $230,000. On January 22, 1994, the Decatur City Council resolved that Culver House should be repaired or demolished. A demolition complaint was filed with the Macon County circuit court clerk on February 22, 1994, with the Secretary named as defendant. The next day a lis pendens notice was recorded with the Macon County Recorder. A notice of the City's intent was posted on the property.
 
 
 3
 In the meantime HUD had acquired title to Culver House. In 1992 the owners conveyed their interest in the property to the Secretary by quitclaim deeds. Once the deeds were recorded, Decatur informed HUD officials of the City's intent to have the structure demolished or restored. In 1993 a title commitment was ordered, resulting in HUD receiving fee simple title to Culver House. HUD determined to sell the property and advertised it "for sale to the highest bidder 'as is'[.]" Since it hoped to find a buyer who would rehabilitate the house, HUD officials asked Decatur to hold off on any enforcement actions against the property.
 
 
 4
 On April 24, 1994, HUD sold Culver House to Steven Luker for $1650. The contract stated that the Secretary/Seller "agrees to sell the property at the ... terms set forth herein, and to prepare a deed containing a covenant which warrants against the acts of the Seller and all claiming by, through or under him." One of the referenced terms confirmed that the property was being sold "as is":
 
 
 5
 Seller makes no representations or warranties concerning the condition of the property, including ... compliance with code, zoning or building requirements and will make no repairs after execution of the contract. Purchaser agrees to accept the property in the condition existing on the date of this contract and acknowledges responsibility for satisfying itself as to the full condition of the property and of laws, regulations and ordinances affecting the property.
 
 
 6
 On April 27, 1994, the Chicago Tide Insurance Company performed a title search for Mr. Luker, but it failed to detect the pending demolition lien against the property. Later, the warranty deed, (executed on May 16, 1994) conveyed the Secretary's interest in the property to Mr. Luker:
 
 
 7
 [The] Secretary ... warrants to Steven Kent Luker ... all interest in the real estate commonly known as [the Culver House]....Said conveyance is made subject to all covenants, restrictions, easements, reservations, conditions and rights appearing of record against the above described property; also subject to any state of facts which an accurate survey of property would show.
 
 
 8
 The City learned that Mr. Luker had acquired the property when he began removing its roof without obtaining a permit. On July 13 the City added Mr. Luker as a defendant to the pending demolition suit. He was served on September 6, 1994, and shortly thereafter he filed a crossclaim against the Secretary, charging that he failed to deliver good tide to the property and that the sale was fraudulent. The United States Attorney removed the crossclaim to the federal district court for the Central District of Illinois. On September 22, 1995, the Secretary filed a motion for summary judgment. A magistrate judge recommended granting the motion on April 4, 1996. Over Mr. Luker's objections the district court adopted the report and recommendation, granted summary judgment to the Secretary, and remanded the rest of the demolition suit back to state court. Mr. Luker appeals.
 
 
 9
 Luker first argues that under 28 U.S.C. § 1295(a)(2), the Federal Circuit has exclusive jurisdiction to hear his appeal. And so it would, if these claims had arisen under the Tucker Act, 28 U.S.C. § 1346(a)(2). Kline v. Cisneros, 76 F.3d 1236, 1240 n. 4 (D.C.Cir.1996). But they did not. The Tucker Act applies only where a judgment in favor of the plaintiff will be paid directly from the United States Treasury. Where a judgment instead will be paid from funds appropriated by Congress to HUD, over which the Secretary has control, the claim is against the Secretary under the National Housing Act. Id. Merrill Tenant Council v. United States Dep't of Housing, 638 F.2d 1086, 1090, 1091 (7th Cir.1981).[2] When Congress enacted the Rehabilitation Loan Program (under which HUD made the original loan to repair the 1979 fire damage), it appropriated funds for administration of the program. Authority for suits arising from the program was given under § 402(c)(3) of the National Housing Act, 12 U.S.C. § 1749a (a "sue and be sued" clause). Although Congress abolished the Rehabilitation Loan Program in 1991, the Secretary retained authority-and funding--to dispose of property acquired as a result of the Program. The exercise of that authority gave rise to this case. Accordingly, our suit arose under the National Housing Act, not the Tucker Act, and we have jurisdiction.[3]
 
 
 10
 The district court construed Luker's complaint as alleging that the Secretary tortiously concealed from him the pending demolition suit. The court dismissed the claim with prejudice under Fed.R.Civ.P. 12(b)(1), recognizing that tort claims against HUD must proceed under the Federal Tort Claims Act (FTCA), with the United States, not HUD, as the defendant. Stewart v. United States 503 F.Supp. 59, 61 n. 3 (N.D.Ill.1980), aff'd, 655 F.2d 741, 742 (7th Cir.1981); Waylyn Corp. v. United States, 231 F.2d 544 (1st Cir.1956). Consequently, federal courts lack jurisdiction over tort claims brought against an officer of a federal agency acting in his official capacity instead of the United States. Stewart, 655 F.2d at 742; see also Hughes v. United States, 701 F.2d 56, 57 (7th Cir.1982). Failure to name the United States as defendant is not harmless error. Id. at 58.
 
 
 11
 Luker complains that dismissal with prejudice is too drastic a remedy. But he misapprehends the nature of a dismissal under Rule 12(b)(1): it is not construed as a dismissal on the merits and does not bar Luker from filing cognizable tort claims under the FTCA. Shockley v. Jones, 823 F.2d 1068, 1073 (7th Cir.1987). Consequently, the district court correctly dismissed the tort claim, as to HUD, with prejudice. Hughes, 701 F.2d at 57.
 
 
 12
 Luker also maintains that the district court should have rescinded the contract of sale. Although he sets forth several different theories entitling him to rescission, all boil down to an assertion that the Secretary had a duty to disclose the pending demolition complaint and breached the contract by failing to deliver an unencumbered title.[4] But the contract makes it clear that the Secretary undertook no such duty to speak, while Luker "agree[d] to accept the property in the condition existing on the date of this contract and acknowledge[d] responsibility for satisfying [him]self as to the fill condition of the property and of laws, regulations and ordinances affecting the property." Similarly the warranty deed explained that the conveyance of title "is made subject to all covenants, restrictions, easements, reservations, conditions and rights appearing of record against the above described property; also subject to any state of facts which an accurate survey of property would show."
 
 
 13
 The demolition lien was a matter of public record at the time of sale, and notice of the pending complaint was posted on the property itself. Under Illinois law, a contract of sale which charges a purchaser of property with knowledge of certain facts or circumstances imposes upon the purchaser a "duty of inquiry" upon the purchaser, and he cannot claim an interest in the property free from claims of which he has constructive notice. Daniels v. Anderson, 624 N.E.2d 1151, 1156 (Ill.App.Ct.1993). Consequently, under Illinois law and the terms of the contract, it became Luker's responsibility to find out about the lien. Neither the contract nor the warranty deed imposed upon the Secretary a duty to inform Luker of the demolition complaint.
 
 
 14
 Luker protests that he did everything one could expect a reasonable person to do in ordering a title search, which failed to disclose the demolition complaint. Courts recognize that purchasers of real estate rely on the title search when they decide to purchase property. Oak Part Trust & Saving Bank v. Intercounty Title Co. of Illinois. 678 N.E.2d 723, 725 (Ill.App.Ct.1997). But the Secretary played no part in the tide search. The fact that the search was faulty means only that Luker has a quarrel with the company which performed it. The defective title search neither removes the duty of inquiry from Luker nor imposes upon the Secretary a duty which the contract of sale did not contemplate.
 
 
 15
 Luker next claims that the district court erred in granting summary judgment, because the parties dispute whether HUD officials knew about the demolition lien before they sold Culver House. But disputed facts preclude summary judgment only where they are material to the issue being decided. Valence v. Wisel, 110 F.3d 1269, 1274 (7th Cir.1997). As we have noted, Luker had constructive notice of the demolition lien, while the contract and warranty deed placed upon him, not the Secretary, the duty to discover encumbrances against the property. Consequently, it does not matter when HUD officials actually learned of the demolition complaint. Because the unresolved dispute is immaterial to the resolution of the complaint, it does not preclude the granting of HUD's motion for summary judgment.
 
 
 16
 Finally, Luker insists that the grant of summary judgment was premature because he had inadequate discovery and could not fairly oppose the motion. Luker, however, fails to specify what materials he wished to discover, what facts he believes he could have obtained from such discovery, or why he could not initiate discovery during the months after the Secretary filed his motion. Given the paucity of information from Luker, combined with the time he had in which to conduct discovery, we find no abuse of discretion in the district court's decision to disallow additional pretrial discovery. See Grassi v. Information Resources, Inc., 63 F.3d 596, 604 (7th Cir.1995).
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 Kline and Merrill Tenant Council address the Secretary's waiver of sovereign immunity under 12 U.S.C. § 1702. That section of the National Housing Act, however, is analogous to 12 U.S.C. § 1745a, the waiver of sovereign immunity for suits involving property acquired under the Rehabilitation Loan Program at issue here
 
 
 [3]
 Mr. Luker asserts that even if the suit is not under the Tucker Act, which limits damages to $10,000, the cost of the demolition affects federal jurisdiction. This argument lacks merit. The demolition complaint is a pendant state lawsuit properly removed with the federal counterclaim. Following the grant of summary judgment, the district court properly remanded the demolition complaint back to state court
 
 
 [4]
 Mr. Luker also attempts to argue that the Secretary failed to take care of a weed-cutting lien, which was not a matter of public record, before delivering the warranty deed. However, Mr. Luker did not raise this issue below until after the magistrate issued his recommendation in favor of the Secretary's motion for summary judgment. We find no evidence that the court abused its discretion in refusing to allow Mr. Luker belatedly to add this issue to his complaint. See Caisse Nationale De Credit v. CBI Industries, 90 F.3d 1264, 1270 (7th Cir.1996)