# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 26, 2013      Decided February 14, 2014

No. 12-5057

ROXANN J. FRANKLIN-MASON,
APPELLANT

v.

RAYMOND EDWIN MABUS, JR., SECRETARY, DEPARTMENT OF
THE NAVY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:96-cv-02505)

*Lisa Alexis Jones* argued the cause and filed the briefs for appellant.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen, Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: BROWN and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

BROWN, *Circuit Judge*: This case has so many chapters it makes *War and Peace* look like a short story. And the saga

continues. Fifteen years ago, after Franklin-Mason prevailed in the initial stages of this employment discrimination litigation, the Navy offered a stipulation of Settlement (Settlement Agreement or the Agreement). The Agreement proposed not only reinstatement, restoration of seniority, and retirement credits, but potential for promotion. A key provision anticipated the creation of a Naval Fleet Auxiliary Force (NFAF) Program (PM1), headed by a high level Financial Manager, and proposed to appoint Franklin-Mason as a Senior Financial Analyst, reporting to the Manager of this independent unit. The Agreement also purported to insulate Franklin-Mason from working directly for, or being supervised by, certain employees in the Comptroller's Office who had tormented her in the past. The new unit was never approved. Things fell apart.

Franklin-Mason, convinced she had been deliberately hoodwinked, repeatedly sought to have the terms of the Agreement—terms incorporated into the district court's order of dismissal—enforced. Now, having concluded specific performance is no longer practicable, Franklin-Mason seeks nearly a million dollars in damages and attorney's fees. The Navy pounces on this shift. First, the Navy notes a federal court cannot provide a damages remedy for the government's breach of a settlement agreement absent a waiver of sovereign immunity. Check. Second, a judicial consent decree—like the Settlement Agreement here—is not a contract for purposes of the Tucker Act and falls outside the jurisdiction of the Court of Federal Claims. And mate. Thus, the Navy reasons the government's breach of a court-supervised settlement is a wrong without a remedy. We are not convinced. We hold a settlement agreement embodied in a consent decree is a contract under the Tucker Act and transfer the case to the Court of Federal Claims.

3

I

The tortuous history of this decades-long dispute could fill library shelves, but in the interest of brevity, we commence with a bare-bones procedural précis. From 1987 to 1996, Franklin-Mason litigated her Title VII claim before the Equal Employment Opportunity Commission. In 1996, the Administrative Judge (AJ) found Franklin-Mason had established, by a preponderance of the evidence, that the Navy had unlawfully discriminated against her on the basis of race and sex. The Navy disagreed, rejecting the AJ's findings.

Undeterred, Franklin-Mason filed suit against the Navy on October 31, 1996, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The Navy, eager to avoid substantial potential liability, offered a settlement. The matter was referred to a magistrate for settlement discussions, and ultimately, the parties settled and the district court approved the Agreement and entered an order of dismissal. Of particular relevance, the Agreement explicitly permitted a party to seek judicial enforcement and monetary damages for a breach. Franklin-Mason filed three motions to enforce the terms of the Settlement Agreement. Those efforts proved fruitless, however, and on November 19, 2001, she moved, for a fourth time, to enforce the terms of the Agreement. The present dispute arises from this fourth attempt.

The motion was again transferred to the magistrate for a Report and Recommendation. After concluding there were genuine issues of material fact as to two of Franklin-Mason's claims, *Franklin-Mason v. England*, No. Civ.A. 96-2505JMF, 2005 WL 1804426, at *1 (D.D.C. Aug. 1, 2005), the magistrate scheduled an evidentiary hearing, but in the interim, Franklin-Mason resigned from her position with the

Navy—allegedly constructively discharged because of the Navy's failure to abide by the terms of the Agreement. During the hearing, Franklin-Mason asserted that, given the passage of time and her separation from the Navy, she could no longer pursue specific performance, but would instead seek to recover approximately $900,000 in expectation damages and attorney's fees. This prompted the magistrate to request supplemental briefing on whether jurisdiction properly lay in the district court or the Court of Federal Claims. In a rare moment of concord, both parties agreed that, although the Agreement ought be construed as a contract under the Tucker Act, pursuant to *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), the district court could exercise ancillary jurisdiction over the motion to enforce. The magistrate decided the district court should retain jurisdiction, but concluded that, although there may have been a substantial breach of the Settlement Agreement, Franklin-Mason was entitled only to nominal damages.

Three years after the magistrate issued his order, Judge Roberts rejected the recommendation to retain jurisdiction and transferred the case to the Court of Federal Claims. Upon transfer, Franklin-Mason lodged with the Court of Federal Claims an Amended Complaint, alleging breach of the Settlement Agreement and attempting to revive the employment discrimination claims the Agreement had extinguished. The Court of Federal Claims concluded it lacked jurisdiction over the newly filed Amended Complaint since district courts have exclusive jurisdiction over employment discrimination claims. And relying on *Kokkonen*, the court held the retention of jurisdiction provision

5

in the Agreement divested the Court of Federal Claims of jurisdiction and compelled transfer back to the district court.[1]

Considering this motion for the fourth time, Judge Roberts dismissed the employment discrimination claims, noting they were resolved by the Agreement.[2] Recognizing, too, the conflicting opinions issued by the courts, he denied Franklin-Mason's motion to enforce, positioning the case for our consideration. On February 23, 2012, Franklin-Mason filed a timely appeal. Today, following decades of litigation, a veritable decathlon of delay, and the ensuing rounds of jurisdictional ping-pong, we regretfully lob the ball back to the Court of Federal Claims.

II

We are presented with two questions. First, has the United States waived its sovereign immunity in the district court for breach of a Title VII settlement agreement seeking

---

[1] But because the Court of Federal Claims relied on *Kokkonen*, it never reached the merits of the Navy's newfangled theory that a court supervised consent decree is not a contract.

[2] We summarily affirm the district court's dismissal of the employment discrimination claims. "[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata." *Ciralsky v. C.I.A.*, 355 F.3d 661, 672 n.11 (D.C. Cir. 2004). Here, "[e]xecution of th[e] [Settlement Agreement] . . . constitute[d] a dismissal with prejudice." J.A. 63. Franklin-Mason is thus foreclosed from filing an identical employment discrimination claim.

damages in excess of \$10,000?[3]  And, if not, does *Kokkonen* allow us to ignore this lack of waiver?  Second, if the district court lacks jurisdiction, does a settlement agreement embodied in a judicial consent decree foreclose jurisdiction by the Court of Federal Claims?  We review de novo a district court's order dismissing a motion to enforce for lack of subject matter jurisdiction.  *See Gen. Elec. Co. v. EPA*, 360 F.3d 188, 190–91 (D.C. Cir. 2004).

A

To bring a claim against the United States, a plaintiff must identify an unequivocal waiver of sovereign immunity.  *FAA v. Cooper*, 132 S. Ct. 1441, 1448 (2012).  Courts are required to read waivers of sovereign immunity narrowly and construe any ambiguities in the statutory language in favor of immunity. *Id.*  But "[e]ven when suits are authorized[,] they must be brought only in designated courts."  *United States v. Shaw*, 309 U.S. 495, 501 (1940).  This is because "it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought." *Minnesota v. United States*, 305 U.S. 382, 388 (1939).

Both sides agree Title VII does not provide a waiver of sovereign immunity for suits alleging breach of a settlement

---

[3] Franklin-Mason's previous motions to enforce were met with the Navy's implicit agreement as to the waiver of sovereign immunity.  Nevertheless, because sovereign immunity is jurisdictional, *Rochon v. Gonzales*, 438 F.3d 1211, 1215–16 (D.C. Cir. 2006), we must determine, even at this penultimate hour, whether Congress has, in the district court, unequivocally exposed the United States to damages in excess of \$10,000 for breach of a Title VII settlement agreement.  *See id.* at 1216.

agreement. And invoking the Tucker Act is a non sequitur because where, as here, a suit involves a claim for money damages over $10,000, the Act waives the government's sovereign immunity only in the Court of Federal Claims. *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) ("[T]he jurisdiction of the Court of Federal Claims is exclusive when a plaintiff seeks more than $10,000 in damages.); *see also* 28 U.S.C. § 1346(a)(2).

We have construed the Tucker Act and Little Tucker Act—so called for its grant of concurrent jurisdiction to the district courts and the Court of Federal Claims in any civil action against the United States not exceeding $10,000—to provide for exclusive jurisdiction in the Court of Federal Claims for contract disputes seeking more than $10,000 in damages. But, admittedly, "nothing in the language of the Tucker Act makes its grant of jurisdiction to the Court of Federal Claims exclusive for *all* contract claims over $10,000." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1137 (9th Cir. 2013); *see also Waters v. Rumsfeld*, 320 F.3d 265, 270 n.6 (D.C. Cir. 2003). "Rather, that court's jurisdiction is 'exclusive' only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Said differently, while the Tucker Act and Little Tucker Act "create a presumption of exclusive jurisdiction in the Court of Federal Claims, . . . that presumption can be overcome by an independent statutory grant to another court." *Tritz*, 721 F.3d at 1137; *see also Auction Co. of Am. v. FDIC*, 132 F.3d 746, 753 n.4 (D.C. Cir. 1997) ("If a separate waiver of sovereign immunity and grant of jurisdiction exist, district courts may hear cases over which, under the Tucker Act alone, the Court of Federal Claims would have exclusive jurisdiction."). In any event, Franklin-Mason identifies no such independent statutory grant of authority.

Franklin-Mason insists, however, the Supreme Court in *Kokkonen* carved out an exception to the Tucker Act's exclusive jurisdiction. She is mistaken. In *Kokkonen*, the Supreme Court clarified the power of district courts to exercise jurisdiction over settlement agreements. The Court indicated in dicta, *Kokkonen*, 511 U.S. at 381, that a federal district court retains jurisdiction to enforce a settlement agreement if it either incorporates the settlement agreement into the dismissal order or specifically includes a clause in the dismissal order retaining jurisdiction. *Id.* Here, both steps were taken, but this is not enough.

*Kokkonen* is easily distinguishable because, unlike here, no governmental entity was involved. To permit the logic of *Kokkonen* to reduce the scope of the Court of Federal Claims' jurisdiction would be to violate the time-honored rule that neither a court nor the parties has the power to alter a federal court's statutory grant of subject matter jurisdiction. *See, e.g.*, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) ("[A] court may not in any case, even in the interest of justice, extend its jurisdiction where none exists . . . ."); *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . ."); *accord Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (same).

Notwithstanding the clear import of these cases, Franklin-Mason argues that the specific reservation of enforcement jurisdiction by another court can divest the Court of Federal Claims of jurisdiction. She is wrong. Similarly misplaced is her reliance on this Court's dicta in *Shaffer v. Veneman*, 325 F.3d 370, 372–74 (D.C. Cir. 2003), which suggested a willingness to exercise ancillary jurisdiction over

contract disputes within the exclusive jurisdiction of the Court of Federal Claims. But there, we identified only a necessary condition for a district court's retention of ancillary jurisdiction, not a sufficient one. *See Shaffer*, 325 F.3d at 373–74 (noting Shaffer's failure to request that the district court retain jurisdiction in its order of dismissal).

For the foregoing reasons, we hold that the Tucker Act does not contain a waiver of sovereign immunity in the district court for breach of a Title VII settlement agreement seeking damages in excess of $10,000. Nor does the holding in *Kokkonen* compel a different conclusion.

B

Franklin-Mason has not asked that we consider, in the alternative, a transfer to the Court of Federal Claims.[4]

---

[4] Vying for purchase on the jurisdictional slopes, the parties have at times adopted unfavorable and, in the Navy's case, downright duplicitous arguments. Franklin-Mason, for example, has steadfastly maintained jurisdiction properly lies in the district court, and even went so far as to argue, perhaps unwittingly so, that the Settlement Agreement should be construed as a consent decree, not a contract. While she continues to argue in favor of the district court's jurisdiction, she has, since the Federal Circuit's decision in *VanDesande v. United States*, 673 F.3d 1342 (Fed. Cir. 2012) (discussed *infra*), abandoned the latter position. The Navy, on the other hand, has made no such concession and has been disturbingly vertiginous in its positions. At first, the Navy conceded that, although the Settlement Agreement was a contract, jurisdiction properly lay in the district court. But once the motion was transferred to the Court of Federal Claims, the Navy reversed course, claiming the Settlement Agreement should be

Nevertheless, we must, "if it is in the interest of justice, transfer [an] action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C § 1631.[5] The threshold question, therefore, is whether

construed as a consent decree, not a contract. Then, in a curious act of charity, the Navy argued that transfer back to the district court would be appropriate. But once back in the district court, the Navy reversed positions, yet again, this time arguing the district court lacked jurisdiction because the government had not waived its sovereign immunity. Appellee's Br. at 13–20.

[5] The looming prospect of what may eventually amount to a Pyrrhic victory for Franklin-Mason suggests the "interest of justice" inquiry is perhaps satisfied by only a hair's breadth. *See Kline v. Cisneros*, 76 F.3d 1236, 1240 (D.C. Cir. 1996) ("[T]o judge transfer to the Federal Circuit as preferable, we would presumably have to make some estimate of likely judicial economy, and thus involve ourselves, at least tangentially, in the merits of this appeal—over which we have no jurisdiction."). Like the magistrate judge, we find Franklin-Mason's damages claim difficult to decipher. *See Franklin-Mason v. Dalton*, No. CIVA962505(RWR/JFM), 2006 WL 825418, at *14 (D.D.C. Mar. 21, 2006). On the one hand, Franklin-Mason argues she is due monetary damages for the difference between the job she was promised in the Settlement Agreement, and the one she received upon reinstatement. In that instance, she claims the measure of damages would be front pay from the date of her constructive discharge in 2004 to her self-determined retirement at age 61 in 2014. On the other hand, Franklin-Mason seems to argue that the Navy's failure to create the positions outlined in the Settlement Agreement constituted a substantial breach tantamount to fraud in the inducement. But under this theory,

the present suit might have been brought in the Court of Federal Claims.  The Navy argues not only is jurisdiction preempted in district court, but the nature of the suit forecloses jurisdiction in the Court of Federal Claims, too.  The second prong of its heads-I-win-tails-you-lose strategy contends that a judicial consent decree is not a contract for purposes of the Tucker Act and, therefore, outside the subject matter jurisdiction of the Court of Federal Claims.  We disagree.

Though the matter appears to be one of first impression in this circuit, it is, thankfully, not without close analogues in other courts.  In *VanDesande v. United States*, 673 F.3d 1342 (Fed. Cir. 2012), the Federal Circuit held that "consent decrees and settlement agreements are not necessarily mutually exclusive, *id.* at 1350, and, therefore, "a settlement agreement, even one embodied in a decree, 'is a contract within meaning of the Tucker Act.'"  *Id.* at 1351 (quoting *Angle v. United States*, 709 F.2d 570, 573 (9th Cir. 1983)).  Accordingly, it stands to reason that the Court of Federal Claims is a court in which the motion to enforce "could have been brought."  28 U.S.C. § 1631.  With scarcely a perfunctory nod to *VanDesande*, the Navy, in a lone footnote, attempts to distinguish the case by noting the settlement in *VanDesande* "took the form of an administrative judge's proposed

the breach would permit rescission of the Settlement Agreement, and she would have to return all settlement proceeds and continue to trial on the Title VII action she dismissed in consideration of the Agreement. Franklin-Mason expresses no interest in this proposition; she wants to keep all settlement proceeds *and* recoup the $900,000-plus she anticipates she would have received in litigation.  Unconvinced about the legal propriety of either damages theory, the magistrate judge concluded Franklin-Mason would be entitled only to nominal damages.

order—not a court order." Appellee's Br. at 23. But this is a distinction without a difference and is made all the more irrelevant given the Federal Circuit's dicta that "settlement agreements, even if they are incorporated into *judicial or administrative* consent decrees, should be viewed for enforcement purposes as having the attributes of a contract." *VanDesande*, 673 F.3d at 1350 (emphasis added).

The Navy's other arguments, hardly a model of clarity, are similarly inapposite. First, the Navy argues "*Kokkonen* illustrates the Supreme Court's distinction between an out-of-court settlement—which is equivalent to a contract—and a consent decree." Appellee's Br. at 23. This is correct, so far as it goes. But this distinction is relevant only to a court's ability to retain ancillary jurisdiction over a settlement agreement, *see Kokkonen*, 511 U.S. at 381–82, not a determination whether consent decrees are contracts under the Tucker Act. Second, the Navy's appeal to Federal Rules of Civil Procedure 41(a)(2)[6] and 65(d)(1)[7] is tautological. We are interested not in discerning the dividing line between "a court order that merely approves a settlement and one that expressly incorporates its terms into a contract," Appellee's Br. at 24, but, rather, whether the latter can ever be treated as a

---

[6] In relevant part, the rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

[7] Rule 65(d)(1) requires: "Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required. FED. R. CIV. P. 65(d)(1).

contract. On this query, the Rules are silent. Lastly, the Navy seeks refuge in a host of distinguishable Supreme Court precedent. Most notably, the Navy cites *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992) and *United States v. Swift & Co.*, 286 U.S. 106 (1932) for the proposition that consent decrees are viewed as judicial acts for purpose of modification and enforcement. But the *Rufo* court expressly limited its holding to "consent decrees stemming from institutional reform litigation," 502 U.S. at 393, and the Court's determination in *Swift* that consent decrees should not be treated as a contract was dicta. *See* 286 U.S. at 115. Moreover, in relying on these decisions the Navy misses the point. The Supreme Court, in a long line of cases, has since clarified that consent decrees and settlement agreements are not, as a matter of law, mutually exclusive. *See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 519 (1986) ("The question is not whether we can label a consent decree as a 'contract' or a 'judgment,' for we can do both."); *see also United States v. ITT Cont'l Banking Co.*, 420 U.S. 223, 236–237 n.10 (1975) ("Consent decrees and orders have attributes both of contracts and of judicial decrees . . . ."); *see id.* at 236–37 (citing *Hughes v. United States*, 342 U.S. 353 (1952), *United States v. Atl. Ref. Co.*, 360 U.S. 19 (1959), and *United States v. Armour & Co.*, 402 U.S. 673 (1971) for the proposition that "since consent decrees and orders have many of the same attributes of ordinary contracts, they should be construed basically as contracts"). The Navy thus fails to establish the motion to enforce could not have been brought in the Court of Federal Claims.

## III

We conclude the Court of Federal Claims has jurisdiction over Franklin-Mason's motion to enforce, though, given the wearied and stale nature of this dispute, we are loath to extend

its shelf life and retransfer without a sense of finality. But while messy realities often threaten to confound the boundaries of received legal doctrine, within the boundaries we shall remain. The district court's order dismissing the motion to enforce is vacated, and we remand the case with instructions to transfer to the Court of Federal Claims.[8] As previously noted, we affirm the district court's dismissal of the employment discrimination claims.

*So ordered.*

---

[8] While the Court of Federal Claims is not bound by a section 1631 transfer it deems to be "clearly erroneous," *see Christianson*, 486 U.S. at 819, the Supreme Court has made clear that any such "reversal" should be exceptional, and that "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* We think the record evinces such plausibility.