# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 26, 2020        Decided February 26, 2021

No. 19-5174

BRIAN HAMMER,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-01113)

---

*Anthony J. Dick,* appointed by the court, argued the cause as *amicus curiae* in support of appellant. On the brief was *Ariel Volpe*, appointed by the court.

*Brian Hammer*, pro se, filed the brief for appellant.

*Derek Hammond*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: TATEL and WILKINS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

Opinion concurring in the judgment filed by *Senior Circuit Judge* RANDOLPH.

WILKINS, *Circuit Judge*:  Appellant Brian Hammer filed a breach of contract claim against the Government in the D.C. Superior Court.  The Government removed to the District Court.  The District Court found that the Government had only waived sovereign immunity against Appellant's claim in the Court of Federal Claims, and that Appellant had already brought his claim in the Court of Federal Claims, which had dismissed it.  So the District Court dismissed Appellant's claim, too.  Appellant argues that under 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," the District Court should have remanded his claim.  For the reasons given below, we affirm the District Court.

**I.**

In 2015, a federal magistrate judge appointed the Federal Public Defender for the Eastern District of California to represent Appellant after he failed to pay restitution for multiple convictions of mail and wire fraud.  *See Hammer v. Fed. Pub. Def. Org. of the E. Dist. of Cal.*, No. 3:16-cv-02192, 2017 WL 2692937, at *1 (S.D. Cal. June 22, 2017).  Later, the Federal Defender withdrew its representation.  *Id.*  Appellant proceeded to file several claims against the Federal Defender for breach of contract.  *See id.*; Complaint, Dkt. No. 1, *Hammer v. United States*, No. 1:17-cv-00912 (Fed. Cl. July 3, 2017); *Hammer v. United States*, No. 3:17-cv-02137, 2018 WL 6855945 (S.D. Cal. Sept. 13, 2018); Complaint, Dkt. No. 1, *Hammer v. United States*, No. 1:18-cv-1606 (Fed. Cl. Jan. 10,

2019). This appeal concerns one of those claims, which Appellant originally filed in the Court of Federal Claims for $37,000 in damages, and which the Court of Federal Claims dismissed for failure to allege the existence of an enforceable contract. *See* Order at 2, *Hammer v. United States*, No. 1:18-cv-1606, ECF No. 12 (Fed. Cl. Jan. 10, 2019). Appellant then filed the same claim in the D.C. Superior Court. The Government removed the case to the District Court and moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Appellant moved to remand the case to Superior Court under 28 U.S.C. § 1447(c).

The District Court found that it lacked subject matter jurisdiction over Appellant's claim because Appellant sought over $10,000 in damages and therefore, under the Tucker Act, could only bring his claim in the Court of Federal Claims. The District Court also found that Appellant's claim was foreclosed under the doctrine of collateral estoppel, because the Court of Federal Claims had already rejected it. The District Court denied Appellant's motion to remand and dismissed Appellant's claim.

Appellant, acting *pro se*, timely appealed to this Court for review of the District Court's order. This Court appointed a member of the law firm Jones Day as *amicus curiae* on its own motion to present arguments in favor of Appellant's position.[1]

**II.**

---

[1] Anthony Dick was appointed and filed briefs in support of Appellant's position, and appeared on Appellant's behalf at oral argument. The Court commends appointed counsel for work of excellent quality and service in the best tradition of the bar.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded."

While the "shall" in § 1447(c) is unambiguous, we must read § 1447(c) in its context. *See Roberts v. Sea-Land Services, Inc.*, 566 U.S. 93, 101 (2012). That context includes 28 U.S.C. § 1442(a)(1), which allows the United States to remove to federal court civil actions commenced against it in state court, and the Tucker Act, which this Court has interpreted to confer exclusive jurisdiction over breach of contract claims against the United States seeking more than $10,000 in damages on the Court of Federal Claims. *See* 28 U.S.C. §§ 1346(a), 1491(a); *Greenhill v. Spellings*, 482 F.3d 569, 573 (D.C. Cir. 2007).

Together, 28 U.S.C. § 1442(a)(1) and the Tucker Act make clear that § 1447(c) does not require the District Court to remand in this case. Congress intended § 1442's removal provision to protect the Government from having to litigate immunity defenses in hostile state courts. *See Willingham v. Morgan*, 395 U.S. 402, 405 (1969); H. R. REP. 104-798, at 20 (1996) (noting that Congress meant § 1442 to redress its concern over "federal agencies hav[ing] to defend themselves in state court" by allowing "questions concerning . . . the scope of federal immunity . . . [to] be adjudicated in federal court"). The Supreme Court has repeatedly reminded us that the right of removal under § 1442(a) is "absolute," *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969), and "should not be frustrated by a narrow, grudging [statutory] interpretation," *Willingham*, 395 U.S. at 407. And the Court has instructed that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long

5

drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). In other words, the entitlement to immunity "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To require the District Court to remand Appellant's claim here, where the government has waived sovereign immunity against Appellant's claim only in the Court of Federal Claims, and where that court has already dismissed Appellant's claim, would be to subject the government to lengthy and piecemeal litigation of the kind that Congress intended 28 U.S.C. § 1442(a)(1) to allow it to avoid. Therefore, in context, we conclude that Congress did not intend the "shall be remanded" language in 28 U.S.C. § 1447(c) to mean that the District Court must force the Government to spend one more ounce of resources on the re-litigation of a case it has already won.

### III.

For the foregoing reasons, we affirm the judgment of the District Court.

*So ordered.*

RANDOLPH, *Senior Circuit Judge*, concurring in the judgment:

I see no need to parse 28 U.S.C. § 1447(c). Appellate courts are "constrained to disregard . . . errors not affecting substantial rights." *United States v. Pryce*, 938 F.2d 1343, 1351 (D.C. Cir. 1991) (Randolph, J., concurring). Here, the district court purportedly erred by dismissing instead of remanding. But the United States has not waived sovereign immunity in the District of Columbia Superior Court, so federal law would have required that court to dismiss. *See* Oral Arg. Recording at 1:18–1:55; *see also Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054–55 (D.C. Cir. 2014). It follows that even if § 1447(c) required a remand rather than a dismissal, the district court's error would be harmless. *See* 28 U.S.C. § 2111.