# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7034

**September Term, 2023**

FILED ON: JANUARY 12, 2024

LARRY ELLIOTT KLAYMAN,

    APPELLANT

v.

JULIA PORTER, ET AL.,

    APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-00953)

———

Before: MILLETT and RAO, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## <u>J U D G M E N T</u>

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the appeal be **DISMISSED**.

\*    \*    \*

Larry Klayman sued District of Columbia Bar officials in Florida state court. After the officials removed the case to federal court, Klayman asked the district court to either dismiss the suit or remand to state court. The district court dismissed, but not for the reasons Klayman sought. He now appeals those reasons. But we review judgments, not reasons. Klayman lacks standing to appeal from the judgment he requested, and we dismiss the appeal for lack of jurisdiction.

I.

The District of Columbia Bar's Board on Professional Responsibility oversees lawyer

1

discipline and appoints counsel to prosecute disciplinary matters. D.C. BAR RULE XI, §§ 4(e), 6. Julia Porter and Hamilton Fox III, two officials in the Office of Disciplinary Counsel, prosecuted several ethics complaints against Klayman. *See, e.g.*, *In re Klayman*, 282 A.3d 584, 587 (D.C. 2022); *Klayman v. Lim*, 830 F. App'x 660, 661 (D.C. Cir. 2020) (per curiam); *Klayman v. Porter*, No. 22-13025, 2023 WL 2261814, at *1 (11th Cir. Feb. 28, 2023) (per curiam).

Klayman maintains these disciplinary proceedings were politically motivated. He sued Porter, Fox, and Matthew Kaiser, who was Chair of the Board, in Florida state court, alleging tortious interference, abuse of process, and violations of Klayman's state constitutional rights. He sought injunctive relief and damages of less than $75,000.

Invoking diversity jurisdiction, the defendants removed the case to federal court and moved to transfer the case to the District of Columbia. Klayman sought remand to state court, arguing the amount in controversy was insufficient. The District Court for the Southern District of Florida denied Klayman's motion to remand and transferred the case to the District of Columbia.

After the transfer, Klayman filed a new motion objecting to subject matter jurisdiction, again focusing on the amount in controversy. He sought either of two judgments: he asked the court to remand the case back to Florida state court or to "dismiss this case, without prejudice, for lack of … subject matter jurisdiction."

The Bar officials moved to dismiss with prejudice because official immunity barred the claims for damages and, under the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971), the court should abstain from enjoining ongoing bar disciplinary proceedings.

The district court gave Klayman the judgment he sought: it dismissed the case without prejudice for lack of subject matter jurisdiction. The court adopted the Bar officials' arguments, holding that immunity and *Younger* abstention precluded the court from exercising jurisdiction. Klayman now appeals from the judgment he sought, objecting to how "favorable" the opinion was to the Bar officials while agreeing with the district court that it lacked subject matter jurisdiction.

## II.

We "review judgments, not statements in opinions." *California v. Rooney*, 483 U.S. 307, 311 (1987) (cleaned up); *see McClung v. Silliman*, 19 U.S. (6 Wheat.) 598, 603 (1821) ("The question before an appellate Court is, was the *judgment* correct, not the *ground* on which the judgment professes to proceed."); 15A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3902 (3d ed. 2022) ("[A] prevailing party cannot appeal simply to secure review of unfavorable findings."). As a result, we lack "power" to "revise opinions"; we instead "correct wrong judgments." *Herb v. Pitcairn*, 324 U.S. 117, 126 (1945). Therefore, the prevailing party in district court generally "is not entitled to prosecute an appeal from the decree in its favor, for the purpose of reviewing the portions of the decree" to which it objects. *N.Y. Tel. Co. v. Maltbie*, 291 U.S. 645, 646 (1934) (per curiam).

We have repeatedly applied this rule of appellate standing to bar appeals, like Klayman's, from a judgment the appellant sought in district court. *See, e.g.*, *In re Reps. Comm. for Freedom*

2

*of the Press*, 773 F.2d 1325, 1328 (D.C. Cir. 1985); *Sea-Land Serv., Inc. v. Dep't of Transp.*, 137 F.3d 640, 647 (D.C. Cir. 1998). Because Klayman requested and received a dismissal without prejudice, there is no adverse judgment that could give him standing to appeal.

This rule is subject to narrow exceptions, but none apply here. The Supreme Court has allowed appeals where the party is suffering collateral legal consequences from the district court's judgment, or where he suffers a cognizable injury that might allow him to appeal notwithstanding a judgment in his favor. *Cf. Camreta v. Greene*, 563 U.S 692, 702–04 (2011) (allowing appeal of precedential constitutional ruling despite official prevailing on qualified immunity). A prevailing party, for example, has a cognizable injury, and thus standing to appeal, when she receives only partial relief. *Forney v. Apfel*, 524 U.S. 266, 271 (1998). But Klayman has made no argument, either in the district court or here, for why—given his already re-filed state court suit—dismissal is not complete relief.[1]

Absent these exceptions, we lack jurisdiction to hear Klayman's appeal from the judgment he requested. We, therefore, dismiss the appeal without considering the district court's reasoning or judgment.[2]

\* \* \*

For the foregoing reasons, we dismiss the appeal. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

---

[1] While Klayman did not raise it in his appeal, we take judicial notice of the fact that Klayman's then-pending state court suit was later dismissed for claim splitting. *See Porter*, 2023 WL 2261814, at \*1. This subsequent event, however, is irrelevant to the question of whether Klayman was "den[ied] … part [of] the remedy [he] requested." *Forney*, 524 U.S. at 271 (quoting *United States v. Jose*, 519 U.S. 54, 56 (1996) (per curiam)).

[2] We express no view on whether official immunity warrants dismissal under Rule 12(b)(1) or Rule 12(b)(6), nor on whether 28 U.S.C. § 1447(c) requires remand rather than dismissal in this circumstance. *Cf. Hammer v. United States*, 989 F.3d 1, 3 (D.C. Cir. 2021) (allowing dismissal for sovereign immunity).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk