**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2377**

JENNY ROSE and KATHY COLLINS, individually and on behalf of all others similarly situated,

Plaintiffs - Appellants,

and

KEVIN ROBERTSON,

Plaintiff,

v.

NANCY A. BERRYHILL, in her official capacity as Acting Commissioner of the Social Security Administration,

Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:16-cv-02113)

Submitted:  July 31, 2017                                Decided:  August 3, 2017

Before MOTZ, DUNCAN, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Daniel S. Volchok, Arpit K. Garg, WILMER CUTLER PICKERING HALE & DORR LLP, Washington, D.C.; Bren J. Pomponio, MOUNTAIN STATE JUSTICE, INC., Charleston, West Virginia; Ned Pillersdorf, PILLERSDORF, DEROSSETT & LANE, Prestonburg, Kentucky; John O. Goss, GOSS & FENTRESS PLC, Norfolk, Virginia, for Appellants. Chad A. Readler, Acting Assistant Attorney General, Mark B. Stern, Thomas Pulham, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Carol A. Casto, United States Attorney, Charleston, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jenny Rose and Kathy Collins appeal the district court's order dismissing their complaint for lack of subject matter jurisdiction based on failure to exhaust administrative remedies, pursuant to Fed. R. Civ. P. 12(b)(1). Finding the appeal moot, we vacate the district court's judgment and remand for the district court to dismiss the action.

"Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013) (internal quotation marks omitted). "The case-or-controversy requirement applies to all stages of a federal case." *Id.* Thus, "[i]f a live case or controversy ceases to exist after a suit has been filed, the case will be deemed moot and dismissed for lack of standing." *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 368 (4th Cir. 2015).

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Williams*, 716 F.3d at 809 (internal quotation marks omitted). "A change in factual circumstances can moot a case on appeal, such as when the plaintiff receives the relief sought in his or her claim, or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff." *Id.* (citations omitted).

In this action, Rose and Collins* sought to file a class action alleging that certain procedures for redetermining disability and supplemental security income benefits violated regulations implementing the Social Security Act, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act. The district court granted the Acting Commissioner's motion to dismiss, determining that Rose and Collins had failed to exhaust their administrative remedies or demonstrate that exhaustion should be excused. Rose and Collins appealed, arguing that administrative exhaustion should be excused in their cases.

The Acting Commissioner contends that this appeal is moot because both Rose and Collins have now exhausted their administrative remedies. Rose concedes that her action is moot and has filed an unopposed motion to vacate the judgment. Counsel for Collins state that they are unable to contact Collins regarding the issue of mootness, despite several attempts to do so. However, the Acting Commissioner has submitted evidence of Collins' exhaustion in the form of copies of an unfavorable administrative law judge decision and a subsequent notice that the agency's Appeals Council had denied review.

We conclude that this appeal is moot because neither Rose nor Collins has a "legally cognizable interest in the outcome" and it is "impossible for the court to grant any effectual relief." *See Williams,* 716 F.3d at 809 (internal quotation marks omitted). Accordingly, we grant Rose's unopposed motion to vacate, vacate the district court's

_____

* Another named plaintiff, Kevin Robertson, did not appeal.

4

judgment, and remand for the district court to dismiss the action. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) ("When a civil case becomes moot pending appellate adjudication, [t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." (internal quotation marks omitted)); *see S. Walk at Broadlands Homeowner's Assoc., Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (holding dismissals based on lack of subject matter jurisdiction must be without prejudice).

We therefore vacate the district court's judgment and remand with directions for the district court to dismiss the action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*