**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-2191

PROGRESSIVE NORTHERN INSURANCE COMPANY,

Plaintiff – Appellant,

v.

Y.E., a minor,

Defendant – Appellee,

and

NITA ATKINSON; ELIAZAR SERRATO,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge. (4:18-cv-03063-SAL)

Argued:  January 26, 2022                    Decided:  March 7, 2022

Before HARRIS and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed, vacated, and remanded by unpublished opinion. Judge Harris wrote the opinion, in which Judge Rushing and Senior Judge Floyd joined.

**ARGUED:** John Robert Murphy, MURPHY & GRANTLAND, PA, Columbia, South Carolina, for Appellant. John Elliott Parker, Jr., PETERS, MURDAUGH, PARKER,

ELTZROTH, & DETRICK, PA, Hampton, South Carolina, for Appellee. **ON BRIEF:** Donald J. Budman, SOLOMON, BUDMAN & STRICKER, LLP, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Progressive Northern Insurance Company filed suit in district court, seeking a declaratory judgment that an automobile insurance policy it had issued was void from inception because of material misrepresentations in the policy application. It followed, Progressive argued, that the policy provided no coverage for a recent accident involving the insured's vehicle. The district court dismissed the action for lack of Article III jurisdiction. No liability lawsuit regarding the accident had been brought, the court reasoned, and unless and until such a suit was filed and a defense demanded from Progressive, there was no justiciable case or controversy.

Progressive appealed, and while its appeal was pending, the liability lawsuit contemplated by the district court was filed, and Progressive began defending the suit. With the condition for justiciability set by the district court now satisfied, there no longer is a live dispute as to whether, absent a liability lawsuit, the district court would have jurisdiction over Progressive's action. Accordingly, we dismiss Progressive's appeal as moot, vacate the district court's order dismissing the action, and remand to allow for further proceedings.

## I.

In June 2018, Nita Atkinson applied for a Progressive automobile policy to insure her Jeep. In her application, Progressive alleges, Atkinson made several material misrepresentations, regarding the number of regular drivers of the Jeep and adult members of her household as well as her marital status. According to Progressive, those

3

misrepresentations affected its risk assessment of its contract with Atkinson, and caused it to charge Atkinson significantly lower premiums than it would have had Atkinson been truthful. Shortly after the policy was issued, Atkinson's Jeep was involved in a two-vehicle accident, which alerted Progressive to the alleged misrepresentations.

A few months later – and before any state-court litigation over the accident itself – Progressive filed in federal court a declaratory judgment action against three defendants: Atkinson; Eliazar Serrato, who lived with Atkinson and was driving the Jeep at the time of the accident; and Y.E., a minor and passenger who was injured in the accident. Progressive sought a declaration that Atkinson made material misrepresentations in her policy application, and that as a result, the policy was "void from inception." J.A. 10. In its prayer for relief, Progressive also requested a declaration that Progressive had "no obligation to pay, indemnify, defend, or otherwise perform under this policy" for any claims against Atkinson or Serrato related to the accident. J.A. 11.

After *sua sponte* calling for briefing on the issue, the district court dismissed the action for lack of Article III jurisdiction. *Progressive N. Ins. Co. v. Atkinson*, No. 4:18-CV-03063-SAL, 2020 WL 6498886, at *5 (D.S.C. Sept. 30, 2020). That result, the court reasoned, was consistent with our court's decision in *Trustgard Insurance Co. v. Collins*, 942 F.3d 195, 199–200 (4th Cir. 2019), in which we questioned – without resolving – whether federal courts have jurisdiction to rule on an automobile insurer's "duty to indemnify" prior to a state-court determination of liability for an accident. Until there was a liability finding, we thought, the insurer's purported injury – coverage for a judgment

4

that "may or may not occur depending on the outcome" of a state lawsuit – might be too "hypothetical and contingent" to support Article III standing. *Id.* at 200.

Progressive argued that those concerns were not implicated by its material misrepresentation action, because the concrete injury for which it sought redress already had occurred: Regardless of the outcome of any future lawsuit, Progressive had been injured since June 2018, when Atkinson's lies denied it information to which it was legally entitled and cost it premium payments it otherwise would have assessed. The district court was "not convinced." *Progressive*, 2020 WL 6498886, at *4. In its view, Progressive's action was a standard "coverage dispute" like the one at issue in *Trustgard*, as evidenced by its prayer for relief in the form of a declaration absolving it of any "obligation to pay, indemnify, [or] defend" claims arising from the accident in question. *Id.*

It followed, the district court held, that this coverage dispute would give rise to an Article III injury in fact only if and when a liability suit was filed and a defense demanded; at that point, Progressive would experience a "concrete and particularized" injury in connection with its duty to defend. *Id.* at *5. And as suggested by *Trustgard*, the court reasoned, there would be no injury in fact with respect to the duty to indemnify unless and until a state court deemed Serrato liable for the accident. Because neither of those events had transpired, the court concluded, Progressive lacked Article III standing for its declaratory judgment action. And for the same reasons, it finished, the action was not yet ripe for Article III purposes: If "Defendant Y.E. never files suit and Defendant Serrato, as a result, never requests a defense, the court's decision [would be] unquestionably advisory." *Id.*

5

Progressive timely appealed the dismissal of its action. In January 2021, while its appeal was pending, Y.E. filed a liability lawsuit in South Carolina state court against Serrato, seeking damages for the accident. Progressive has entered an appearance and is now defending Serrato in that action.[1]

## II.

On appeal, Progressive seeks review of the critical ruling of the district court: that absent a state-court liability lawsuit and a demand for a defense, there is no Article III jurisdiction over Progressive's declaratory judgment action. But the hypothesized lawsuit and defense now have come to pass, and as a result, whether the district court's initial ruling was correct no longer has any practical significance for this case. Under those circumstances, we must dismiss Progressive's appeal as moot.[2]

Mootness principles – like the standing and ripeness doctrines applied by the district court – derive "from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." *Williams v. Ozmint*, 716

---

[1] We take judicial notice of the state-court docket sheet, Y.E.'s state-court complaint, and Progressive's answer. *See, e.g.*, *Lolavar v. de Santibanes*, 430 F.3d 221, 224 & n.2 (4th Cir. 2005) (taking judicial notice of state-court records not included in the record on appeal). No party disputes the factual developments in the state-court lawsuit.

[2] We denied an earlier motion by Y.E. to dismiss this appeal as moot because it was not yet clear that a defense had been demanded of or presented by Progressive in a liability lawsuit arising from the accident. *See* Order, *Progressive N. Ins. Co. v. Y.E.*, No. 20-2191, ECF No. 21 (4th Cir. Apr. 26, 2021). We address the issue now – with the factual predicate clarified – because we are obliged to assure ourselves of Article III jurisdiction at every step of the proceedings. *See Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013).

F.3d 801, 808 (4th Cir. 2013) (internal quotation marks omitted). Those requirements apply to all stages of a federal proceeding, including appeals; if events during the pendency of an appeal render a dispute moot, then we must dismiss. *See id.* at 808–09; *see also Int'l Bhd. of Teamsters, Loc. No. 639 v. Airgas, Inc.*, 885 F.3d 230, 235 (4th Cir. 2018). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted). And parties lack that necessary interest, we have explained, when "our resolution of an issue could not possibly have any practical effect on the outcome of the matter." *Norfolk S. Ry. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010).

This is just such a case. The question addressed by the district court was whether it had jurisdiction over Progressive's declaratory judgment action *prior* to the filing of a liability lawsuit in which the insured demands a defense or in which Serrato is found liable. The parties' dispute over the correct answer to that question is no longer "live," because nothing turns on its resolution. Y.E. has filed a liability lawsuit, which Progressive has defended, fulfilling "one of [the] conditions" set by the district court for jurisdiction. *See Progressive*, 2020 WL 6498886, at *5. As a result, there is no dispute that Progressive now may proceed with a declaratory judgment action.[3] Whether Progressive should have

---

[3] Under the district court's analysis, it now has jurisdiction to consider claims related to Progressive's duty to defend only; jurisdiction for separate duty-to-indemnify claims will not attach unless and until Serrato is held liable for the accident. *See Progressive*, 2020 WL 6498886, at *5; *see id.* at *5 n.5 (same as to ripeness). But Progressive advances only one claim in this case – that Atkinson's policy is void from inception because of her

been permitted to proceed even before Y.E. filed suit has become a purely hypothetical question with no "real world" consequences. *Id.* (internal quotation marks omitted). Put differently, neither Progressive nor Y.E. has any "legally cognizable interest" in a ruling from this court as to whether Progressive *would* have had Article III standing under a set of factual circumstances that no longer exists. *See Williams*, 716 F.3d at 809 (internal quotation marks omitted); *id.* ("A change in factual circumstances can moot a case on appeal[.]"); *cf. Rose v. Berryhill*, 694 F. App'x 190, 191 (4th Cir. 2017) (per curiam) (dismissing as moot appeal from dismissal for failure to exhaust because plaintiffs exhausted while appeal pending).

We recognize that Progressive, naturally enough, would like a chance to vindicate its position that the district court was mistaken, and that an insurer's material misrepresentation claim should be deemed justiciable independent of any liability lawsuit against an insured. But under Article III, we may not issue an advisory opinion to satisfy that interest. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (explaining that the federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case[s] before [them]" (internal quotation marks omitted)); *Norfolk*, 608 F.3d at 161. Whether we agreed with Progressive or disagreed, the practical result

---

material misrepresentations – and that claim pertains to its duty to defend, as well as to any duty to indemnify. Under the terms of the district court's order, in other words, it may now rule on Progressive's material misrepresentation claim, and that ruling should suffice to resolve this case.

would be the same: Either the district court would have jurisdiction because Progressive is correct; or, if Progressive is incorrect, the district court *still* would have jurisdiction because subsequent events have satisfied Article III's requirements. Because a ruling by us on Progressive's challenge to the district court's analysis "could not have any practical effect on the outcome of this case," we must dismiss Progressive's appeal as moot. *Norfolk*, 608 F.3d at 161.

To be clear, while Progressive's appeal of the district court's jurisdictional ruling is moot, the underlying dispute over Atkinson's policy is not. Because Progressive, through no fault of its own, finds itself unable to appeal an adverse ruling, we vacate the order of the district court, *see U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994) (explaining that "whether the party seeking relief from the judgment below caused the mootness by voluntary action" is the "principal condition" governing vacatur), and remand to the district court to allow for further proceedings consistent with this opinion.

## III.

For the reasons given above, we dismiss this appeal as moot, vacate the order of the district court, and remand.

*DISMISSED,*
*VACATED,*
*AND REMANDED*

9